(94 South. 839)

Ex parte WEBB.

SOUTHERN PICKLE & VINEGAR CO. v. WEBB.

(6 Div. 780.)

(Supreme Court of Alabama. Nov. 16, 1922. Rehearing Denied Dec. 7, 1922.)

Corporations ⬤⟳423—No recovery against corporation in trespass vi et armis or on the case for acts of servants, agents, or employés, where it is found that there was no evidence that they acted within scope of employment.

Where, in trespass against a corporation, it is found that there is no evidence to justify a finding that defendant's servants, agents, or employés, acting within the scope of their employment, pursuant to its mandate, or to accomplish the purposes of the employment, forcibly ejected plaintiff, as alleged, plaintiff could not recover in trespass vi et armis or for trespass on the case, under a count not challenged by demurrer, charging merely that defendant's servants, agents, or employés committed the trespass complained of, and not that defendant committed it through them.

Certiorari to Court of Appeals.

Petition of G. B. Webb for certiorari to the Court of Appeals, to review and revise the judgment and decision of said court in the case of Southern Pickle & Vinegar Co. v. G. B. Webb, 94 South. 837. Writ denied.

Allen & McEwen, of Birmingham, for petitioner.

The Supreme Court will grant a writ of certiorari to the Court of Appeals on a question of fact found by said court, and the law applied to said facts. 184 Ala. 420, 63 South. 992; 176 Ala. 631, 58 South. 315. The court cannot give the affirmative charge, where there is a scintilla of evidence from which the jury would have a right to infer any fact authorizing recovery. 2 Mayf. Dig. 561, 564; 6 So. Rep. Dig. 1524; 5 So. Rep. Dig. 1448; 206 Ala. 96, 89 South. 201; 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929.

M. L. Ward, of Birmingham, opposed.

The Supreme Court will not grant a writ of certiorari to the Court of Appeals on a question of facts found by that court, and the law applied to said facts. 184 Ala. 9, 63 South. 990; 195 Ala. 420, 71 South. 91; 204 Ala. 85, 85 South. 265; 87 South. 408.

THOMAS, J. Writ denied.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

On Rehearing.

THOMAS, J. The third count dealt with in the opinion of the Court of Appeals does not charge that the defendant, through its servants, agents, or employés, committed the trespass complained of, but merely that persons who were its servants, agents, or employés committed the same. There was no sufficient demurrer challenging the count in the respect indicated. The Court of Appeals did not hold that the count as framed would not have supported a judgment responding thereto in case; merely that the count was not sufficient to support a judgment for trespass vi et armis. And the finding of fact by the Court of Appeals would prevent any recovery in trespass vi et armis or for trespass on the case.

A full statement of the rulings of this court having application to this subject is contained in City Delivery Co. v. Henry, 139 Ala. 166, 34 South. 389, and in the subsequent decisions supporting the same. It is not necessary to repeat the same. The authority of the Henry Case was followed, or sought to be given application, by the Court of Appeals in L. & N. R. Co. v. Lacey, 17 Ala. App. 146, 82 South. 636. In the particular now for consideration, the opinion of the Court of Appeals was upheld in Ex parte L. & N. R. Co., 203 Ala. 328, 83 South. 52, though denied on certiorari in the application of the law to the facts.

The writ is denied.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.