**TROGNITZ v. FRY et al. (1 Div. 443.)**

Supreme Court of Alabama. March 31, 1927.

**1. Trespass ⊜⟹40(1)—Code form for trespass may be used in plural, joining all parties participating (Code 1923, § 9531, Form 28).**

Form 28 of Code 1923, §. 9531, for class of legal torts known as trespass, may be used in plural as well as singular, joining all the parties participating in the trespass.

**2. Trespass ⊜⟹30—Action for trespass by one acting through another lies against both in trespass.**

Action lies in trespass against one committing trespass through another as his active agent or joint participant, though he may not be present at the time taking personal hand in the trespass.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Action in trespass by Mary A. Trognitz against Max Fry, and also Daniel E. Jett, doing business under the name and style of Realty Construction Company, and individually. Plaintiff takes a nonsuit, and appeals from adverse rulings on pleading. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Amended counts 1 and 2 of the complaint read:

"(1) The plaintiff claims of the defendants one thousand dollars ($1,000.00) damages for a trespass by the defendant Max Fry, acting by and through the defendant Daniel E. Jett (who was at the time of said trespass doing business under the name and style of Realty Construction Company) on the following tract of land, viz.: That real property known as No. 368 Dauphin street, Mobile, Alabama, belonging to the plaintiff, and for proximately injuring said real property as follows, to wit: [Here is set out the various items of damage complained of] on, to wit, November 1, 1923.

"(2) The plaintiff claims of the defendants one thousand dollars ($1,000.00) damages for a trespass by the defendant Max Fry, acting by and through the defendant Daniel E. Jett, who was at the time of said trespass doing business under the name and style of Realty Construction Company, and who at the time of the trespass was employed by Max Fry, and was acting within the line and scope of his employment, on the following tract of land, viz.: That real property known as No. 368 Dauphin street, be-

longing to the plaintiff and for proximately injuring said real property as follows, to wit: [Here are set out the various items of damage complained of] on, to wit, November 1, 1923."

The demurrer challenged each count for misjoinder of causes of action, in that the action against Fry is in case and against Jett is in trespass, or a misjoinder of parties, in that a distinct and separate cause of action against each is joined in the same count. The demurrer was sustained, and the appeal is to review this ruling.

George A. Sossaman, of Mobile, for appellant.

The complaint is in trespass against both defendants, and not in case as to one and trespass as to the other. Code 1923, § 9531 (28); 38 Cyc. 1038–1042; 18 R. C. L. 783; 26 R. C. L. 961; Raisler v. Springer, 38 Ala. 703, 82 Am. Dec. 736; Ala. St. Land Co. v. Slaton, 120 Ala. 259, 24 So. 720; Carter v. Fulgham, 134 Ala. 238, 32 So. 684; City Del. Co. v. Henry, 139 Ala. 161, 34 So. 389; L. & N. v. Abernathy, 197 Ala. 512, 73 So. 103; L. & N. v. Lacey, 17 Ala. App. 146, 82 So. 636; Ex parte L. & N., 203 Ala. 328, 83 So..52; Gilliland v. Martin, 42 So. 7; [1] B. R. L. & P. Co. v. Abbott, 6 Ala. App. 643, 60 So. 970; Kirkwood v. Miller, 5 Sneed (Tenn.) 455, 73 Am. Dec. 134. The complaint sufficiently alleges that the agent was acting within the line and scope of his employment, and also what part each defendant took in the injury to plaintiff's property. Code 1923, § 9531 (28); Blann v. Crocheron, 19 Ala. 647, 54 Am. Dec. 203; Id., 20 Ala..320; Hardeman v. Williams, 169 Ala. 50, 53 So. 794; McGill v. Varin, 213 Ala. App. 649, 106 So. 46.

Lyons, Chamberlain & Courtney, of Mobile, for appellees.

There is a misjoinder of parties defendant, in that the complaint makes Fry liable in case and Jett liable in trespass. Southern Bell T. & T. Co. v. Francis, 109 Ala. 224, 19 So. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930; Southern Ry. Co. v. Hanby, 166 Ala. 641, 52 So. 334; L. & N. v. Abernathy, 197 Ala. 512, 73 So. 103; Interstate Lbr. Co. v. Duke, 183 Ala. 484, 62 So. 845; 38 Cyc. 1041. The complaint does not allege what part each defendant took in the commission of the wrong alleged. Authorities, supra. Count 1 does not allege that Jett was acting within the line and scope of his authority. Addington v. Amer. Casting Co., 186 Ala. 92, 64 So. 614; Barfield v. Evans, 187 Ala. 579, 65 So. 928; A. G. S. v. Pouncey, 7 Ala. App. 548, 61 So. 601.

BOULDIN, J. [1] Count 1 is in Code form for trespass, with the added averment that

---

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Reported in full in the Southern Reporter; not reported in full in 149 Ala. 672.

one joint defendant was acting by and through the other. Code 1923, § 9531, Form 28. This Code form uses the general phrase "for a trespass" as definitive of the class of legal torts known as trespass. The form may be used in the plural, as well as the singular, joining all the parties participating in the trespass in such manner as to render him liable in that form of action.

[2] Without question one may commit a trespass through another as his active agent or joint participant, although the one may not be present at the time, taking any personal hand in the trespass. He must be directing, aiding, participating in, or must ratify the trespass. Such is the charge here, as distinguished from that of a servant engaged in a lawful employment for his master, but while acting within the scope of his employment, in the conduct of his master's business, wrongfully trespasses upon the property of another, rendering the master liable for consequential damages under the doctrine of respondeat superior. In the one case the master directly causes or encourages the doing of the wrong, or ratifies it with knowledge, while in the other the servant alone does the act, but the master is made liable because of his relation to the servant. This latter action is in case.

Count 1 merely goes further than the Code form requires, and advises the defendant Fry that his liability is rested upon his having used Jett to commit the trespass for him, and limits his right of action to such proof. It is in trespass as to both defendants. City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389; L. & N. R. R. Co. v. Abernathy, 197 Ala. 512, 73 So. 103; L. & N. R. R. Co. v. Lacey, 17 Ala. App. 146, 82 So. 636; Ex parte L. & N. R. R. Co., 203 Ala. 328, 83 So. 52; Ex parte Central Iron & Coal Co., 212 Ala. 130, 101 So. 824; L. & N. R. R. Co. v. Bartee, 204 Ala. 539, 86 So. 394, 12 A. L. R. 251; Reed v. Ridout's Ambulance, 212 Ala. 428, 102 So. 906; So. Pickle & Vinegar Co. v. Webb, 208 Ala. 580, 94 So. 839; Evans Bros. Const. Co. v. Steiner Bros., 208 Ala. 306, 94 So. 361; So. Ry. Co. v. Hanby, 166 Ala. 641, 52 So. 334.

Count 2 merely adds that the agent was acting within the line and scope of his employment. This was mere surplusage. The count already charged the same and more—charged that Fry committed the trespass by directly instigating his agent, Jett, or knowingly ratifying his act. Neither count was subject to the demurrer.

Nothing in the complaint raises any question of the rights of parties in relation to party walls, as argued in briefs.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.