135 So.2d 166

**C. O. OSBORN CONTRACTING COMPANY**

**v.**

**ALABAMA GAS CORPORATION.**

**6 Div. 444.**

Supreme Court of Alabama.

March 23, 1961.

Rehearing Denied June 22, 1961.

S. P. Keith, Jr., Birmingham, for petitioner.

Hobart A. McWhorter, Jr., White, Bradley, Arant, All & Rose, Birmingham, opposed.

COLEMAN, Justice.

Plaintiff sued to recover for damage to its gas main allegedly caused under such circumstances as to render the defendant liable. On a stipulation of facts, judgment was rendered for the plaintiff. Defendant appealed to the Court of Appeals where the judgment for plaintiff was affirmed. Defendant has applied for certiorari to review the judgment of the Court of Appeals.

The record appears to indicate that the defendant is a natural person sued in both his individual capacity and the name under which he was doing business. At various places in the stipulation of facts the plural is used, but we have considered the defendant as being only one person and as being a natural person, not a corporation.

The stipulation of facts, in pertinent part, recites as follows:

"'Defendants had a contract with the City of Birmingham, Alabama to build a storm sewer under fifth avenue South between 35th and 36th Streets in the City of Birmingham (Jefferson County) Alabama. The plaintiff has an 8 inch cast iron gas main lying in its right of way under said avenue and street. Defendants in excavating for said storm sewer piled dirt taken from said excavation onto the level above said gas main. Certain amount of dirt was excavated by defendants from under the area where the gas main was located—The plaintiffs assistant general foreman requested defendants to remove dirt from the area called the overhang after defendants had excavated dirt from under the pipe line in order to prevent cave-in.

"'The defendants were using a drag line with bucket which weigh a ton and a half to 2 tons, which came into contact with said main and crushed the top half proximately causing damages in the amount of Three Hundred, Twenty-Seven Dollars ($327.00).

"'The above incident happened on Janaury 7, 1955, and suit was filed on January 11, 1956.

\*　　\*　　\*　　\*　　\*　　\*

"'An employee of defendants was operating the drag line on January 7, 1955, at the time and place complained of. He was acting in line and scope of his employment.

"'Defendant had been working on said storm sewer for approximately one month at the time of said damage and plaintiff's assistant foreman was checking said main on behalf of plaintiff.'"

The cause of action arose January 7, 1955. More than one year later, on January 11, 1956, the action was commenced. Defendant has pleaded the statute of limitations of one year. Code 1940, Tit. 7, § 26.

The plaintiff appears to recognize that its claim is barred by the one-year statute if the allegation and proof show trespass on the case as distinguished from trespass. In brief, "Plaintiff reiterates that the stipulation of facts affords conclusive proof of a trespass by defendants."

In order to avoid the bar of the statute plaintiff must allege and prove trespass. It is conceded by both parties that the complaint alleges trespass. The question is: Did the proof show trespass?

The distinction between the action of trespass and the action of trespass on the case, with respect to the liability of a master for the act of his servant, has been stated by this court as follows:

"Without question one may commit a trespass through another as his active agent or joint participant, although the one may not be present at the time, taking any personal hand in the trespass. He must be directing, aiding, participating in, or must ratify the trespass. Such is the charge here, as distinguished from that of a servant engaged in a lawful employment for his master, but while acting within the scope of his employment, in the conduct of his master's business, wrongfully trespasses upon the property of another, rendering the master liable for consequential damages under the doctrine of respondeat superior. In the one case the master directly causes or encourages the doing of the wrong, or ratifies it with knowledge, while in the other the servant alone does the act, but the master is made liable because of his relation to

the servant. This latter action is in case." Trognitz v. Fry, 215 Ala. 609, 610, 112 So. 156, 157.

In the case at bar, the proof, as we view it, is that the damnifying act was done by "An employee of defendants" and that "He was acting in line and scope of his employment."

Like the Court of Appeals, we have considered the complaint as charging trespass to personalty. This court has consistently held that a plaintiff cannot recover from a corporate master in an action of trespass for a wrong done by the servant where proof of corporate authorization, ratification, or participation by the master is lacking. Decatur Petroleum Haulers, Inc. v. Germany, 268 Ala. 211, 105 So.2d 852. Trognitz v. Fry, supra, indicates that the same rule which applies to a corporation as master applies also to a natural person as master. We know of no reason why a different rule should apply. In City Delivery Company v. Henry, 139 Ala. 161, 34 So. 389, 390, in speaking of counts 2 and 4, which alleged in pertinent part that "the defendant, through its agent * * * willfully, or intentionally caused an ice wagon to run against plaintiff * * * ," the court said: "The injury ascribed to the defendant is direct and immediate from force applied by it, and not merely from force applied by its servant within the scope of [its] employment."

In the case at bar, plaintiff must prove an injury which is direct and immediate from force applied by defendant, "and not merely from force applied by" the servant of defendant acting within the scope of his employment. We do not think plaintiff has proved that defendant authorized, participated in, or ratified the act of the employee which brought the drag line bucket into contact with plaintiff's gas main. The only part of the proof going to show participation by the master is the statement that the drag line operator "was acting in the line and scope of his employment." Un-

der the doctrine of Trognitz v. Fry, and City Delivery Company v. Henry, supra, that is not enough proof to establish trespass by the master.

In the face of the stipulation that an employee of defendant was operating the drag line, we do not think the statement that " * * * defendants were using a drag line * * * ," can be taken as proof that defendant was personally operating or directing the operation of the machine.

The burden of proof was on the plaintiff and we are of opinion that plaintiff has not supported the burden. Accordingly, the judgment of the Court of Appeals must be reversed, and the cause remanded to that court.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, STAKELY, GOODWYN, and MERRILL, JJ., concur.