Herman M. ROBERSON, Ind. and Herman
M. Roberson, d/b/a A B C Motor
Company, et al.

v.

Rosie Lee HARRIS.

3 Div. 3.

Court of Civil Appeals of Alabama.

March 11, 1970.

Richard H. Gill, Montgomery, for appellants.

Gatewood A. Walden, Montgomery, for appellee.

WRIGHT, Judge.

This case was tried in the Circuit Court of Montgomery County, Alabama, and judgment was entered in favor of plaintiff, Rosie Lee Harris, and against Herman M. Roberson, defendant-appellant, by the court sitting without a jury. The complaint contained 2 counts in code form. Count 1 for wrongfully taking personal property, and count 2 for the conversion of the same personal property. The amount sued for was $5,000.00 in each count.

The record indicates that there was a nil dicit judgment taken against appellant and a writ of inquiry executed before the court. Judgment was entered in favor of plaintiff, Rosie Lee Harris, and against defendant, Herman M. Roberson, in the amount of $1,000.00. There was a motion filed to set aside the judgment within the thirty day period and the court set aside the judgment and set the matter for trial. Trial was held and judgment entered on January 8, 1968, in favor of the plaintiff, and against the defendant for the sum of $250.00. The judgment was general and not directed to either of the counts of the complaint specifically. It is from that judgment that the defendant, Herman M. Roberson, takes this appeal.

Appellant has made 6 assignments of error. Appellee in brief, sets out as a proposition of law, what he terms "cross assignment". Apparently, appellee is attempting to cross assign error to the court's action setting aside the nil dicit judgment originally obtained. However, appellee has given no indication prior to brief, of taking an appeal and he has not cross-assigned error in the transcript as required by Rule 3, Supreme Court Rules of Alabama, Revised. Appellee's failure to properly cross assign error prevents this Court from reviewing any matter allegedly prejudicial to appellee in this case. Colvin v. Payne, 218 Ala. 341, 118 So. 578; Ruck v. Ruck, 265 Ala. 29, 89 So.2d 274.

Appellee's cause of action arose on the night of January 3, 1967, when an employee of ABC Motor Company took appellee's automobile from the street in front of her home and carried it to the motor company lot. The taking was in the dark, and without notice to appellee. It was accomplished by the breaking of a small window, unlocking the vehicle, placing it in neutral and towing for some distance. Using jumper wires, the vehicle was then started and driven to the ABC Motor Company lot in Montgomery. The vehicle was a brown and white 1958 Model Buick Station Wagon. The employee had been directed to recover a similar station wagon, but a 1957 model in the possession of a defaulting mortgagor, not the appellee, who lived in the same neighborhood but not on the same street.

Shortly after the taking, appellee learned that the automobile was missing, and notified the police department of the City of Montgomery. The police came to investigate and upon having the automobile described to them, it was recalled the department had been notified that such an automobile would be repossessed that night. It was immediately assumed that there had been a mistake in the repossession. Appellee was carried to the lot of appellant and there found her automobile. The police notified appellant that there had been an apparent mistake in the repossession and appellee was informed that her automobile would be returned the following morning.

Upon observing the vehicle, appellee noted that the window had been broken and there was a dent in the fender. When the vehicle was returned the next day appellee determined that the transmission had also been damaged. Appellant repaired the broken glass and the dented fender and allegedly attempted to repair the transmission, however appellee denied that the transmission was ever repaired. The vehicle was allegedly inoperable and was placed in the yard of appellee and remained for approximately six months until appellee secured the necessary funds to install a reconditioned transmission. The undisputed cost of such repair was $90.00. There was evidence introduced to indicate that the transmission was already in bad shape and required the regular replacement of transmission fluid.

There was some conflict in the evidence as to who actually owned the vehicle in question. Appellee testified that she purchased the vehicle and made the payments on it, but that her husband had purchased the tag. Her husband could not drive and appellee used the vehicle in going to and from her work.

Appellant introduced into evidence an instrument allegedly signed by appellee's husband at the time of the return of the vehicle, which instrument was contended by appellant to be a release of appellant from all liability for the taking and damage to the vehicle. Appellee's husband testified that at the time he signed his name on an envelope presented by appellant's employee that there was no writing thereon. Appellant's employee testified to the contrary, and appellant insisted that the instrument constituted a full and complete release of appellant from all liability. We would inject here, that no plea of release is indicated in the record as having been filed by appellant, nor does the record indicate an agreement to plead in short by consent.

A further conflict in the evidence arose as to the ownership of the ABC Motor Company by appellant, Herman M. Rober-

son, and whether a relationship of master and servant existed between appellant and the employee who took away appellee's vehicle. Appellant testified, when called as a witness by appellee, that he was a part owner of ABC Motor Company at the time of the taking, and that his son was part owner. Appellant and his sister had supplied the funds with which to begin the business. The manager of the business, who had given instructions to the employee, stated on cross examination that appellant owned the business. The employee who took the vehicle, stated on cross examination that he worked for appellant and had worked for him approximately one year.

We have considered it necessary to set out the material parts of the evidence at length, so that our discussion of appellant's assignments of error would be clear.

■ The first assignment of error is, "The verdict and judgment of the Court are contrary to the great weight of the evidence." It is stated in brief by appellant that the argument as to assignment 1 is composed of the sum of the arguments on assignments 2, 4, 6 and 7. Thus, the effect, in fact, constitutes argument in bulk, supported by unrelated propositions of law. This procedure could be considered in violation of Rule 9, Supreme Court Rules, and subject to the rule that where assignments of error are argued together, and if any of them is without merit, the others shall not be considered. Stewart v. Weaver, 264 Ala. 286, 87 So.2d 548; State v. Barnhill, 280 Ala. 574, 196 So.2d 691. However, since this was a non-jury case, and the judgment is contended to be erroneous as a whole, we will consider the assignments of error though argued in bulk and general in terms. Stiles v. Lambert, 39 Ala.App. 15, 94 So.2d 784, affirmed 266 Ala. 184, 94 So.2d 788.

■ We have heretofore pointed out that the complaint in this case consisted of 2 counts in code form. Count 1 consisting

of an action in trespass for the wrongful taking of personal property. Count 2 being the common law action of trover, or the wrongful conversion of personal property. Appellant, in brief, discusses at length the common law distinctions between the two causes of action, but eventually gets down to the "meat in the coconut", by noting that the distinction is not material when the gist of the action consists of a wrongful taking and carrying away of the property of another. In such an instance, the actions are actually concurrent. Geneva Gin & Storage Co. v. Rawls, 240 Ala. 320, 199 So. 734.

■ Appellant's assignment of error #2 is as follows, "The verdict and judgment of the Court are contrary to the law." Such an assignment has numerous times been held by the Supreme Court to be insufficient and presents nothing for review on appeal. Jones v. Wise, 282 Ala. 707, 213 So.2d 914; State of Alabama v. C. D. McDaniel et al., 4 ABR 879. However, since this case involved a judgment entered by the trial judge sitting without a jury, and the argument in support of this ground by appellant is based on propositions of law supported by citations of cases which we consider to have been overruled by subsequent decisions of the Supreme Court of Alabama, we will address ourselves to this assignment.

The counts in the complaint consist of code forms founded in trespass and trover. They charge a direct injury to plaintiff by defendant. Appellant insists that in order to support such actions, plaintiff must prove that defendant himself committed the act, directed it, participated in it, or ratified it. It is argued that such common law trespass actions cannot be supported by proof that the acts complained of were committed by the acts of a servant, agent or employee acting within the line and scope of his employment. The case of C. O. Osborn Contracting Co. v. Alabama Gas Corp., 273 Ala. 6, 135 So.2d 166, is cited and quoted from in support of this theory.

This cited case was decided by the Supreme Court of Alabama in March of 1961. In support of its opinion, the Court cited the doctrine set forth in Trognitz v. Fry, 215 Ala. 609, 112 So. 156; City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389. The question presented in the case of C. O. Osborn Contracting Co. v. Alabama Gas Corp., supra, was whether a complaint alleging a direct trespass could be established by proof that the act was committed by a servant while acting within the line and scope of his employment. The Court held that such proof was insufficient unless it could be shown that the master authorized, participated in, or ratified the act of the employee.

We will make clear here, although decided in 1961, the suit which gave rise to the appeal in the *Osborn* case, was filed in January 1956. This was prior to the enactment of Act 624, General Acts of the Legislature of 1957, and codified as Title 7, Section 217(1), Code of Alabama 1940. It was also prior to the decision in Aggregate Limestone Co. et al. v. Robison, 276 Ala. 338, 161 So.2d 820. That decision held constitutional Section 217(1), Title 7, Code of Alabama 1940.

Section 217(1), Title 7, Code of Alabama 1940, as amended, provides as follows:

"Proof that act was committed by agent, etc., sustains allegation that act was committed by party.—In any civil action it shall be permissible to allege in any pleading that any party or parties committed an act, and proof that any such party or parties committed such act by or through an agent, servant or employee acting within the line and scope of his employment shall be sufficient proof of such allegation, subject, however, to the right of the party or parties against whom such testimony is offered to thereupon plead the statute of limitations which might have been applicable to the case made by the evidence offered."

It is clear that this statute and its interpretation in the *Aggregate Linestone Company* case removed the common law distinctions between trespass and case, both as to pleading and proof, in cases involving the doctrine of respondeat superior, though retaining the right to plead the applicable statute of limitations. In this respect, it specifically overruled City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389, and later cases. Such later cases, would include C. O. Osborn Contracting Co. v. Alabama Gas Corp., supra.

In Aggregate Limestone Co. v. Robison, supra, the Court stated the following:

"In the case at bar, even though Count Four charged corporate participation in the alleged wanton act or omission, etc., by the two defendants and even though there was no such evidence, such proof was not necessary to sustain the count in view of said section 217(1), providing: '* * * proof that any such party or parties committed such act by or through an agent, servant or employee acting within the line and scope of his employment shall be sufficient proof of such allegation * * *.'

"The plain meaning of this is that where proof that an agent committed an intentional, wanton, or negligent act while in the line and scope of his employment, liability for such act would be imputed to the principal, regardless of the actual participation of the principal in the intentional, wanton or negligent act or omission under the doctrine of respondeat superior. This act, of course, sets up a new statutory form of action."

We think the last sentence of the above quotation, could just as well have said that the act sets up a new statutory cause of action and method of proof.

The *Aggregate Limestone Company* case was followed and supported by the case of Foster v. Floyd, 276 Ala. 428, 163 So.2d 213.

As a result of Title 7, Section 217(1), and the holdings of the Supreme Court in the cases of Aggregate Limestone Co. v. Robison, supra, and Foster v. Floyd, supra, it is clear that in any civil suit, it is permissible to charge a direct trespass against a principal and support such charge by proof that the act charged was committed by an agent, servant or employee while acting within the line and scope of his employment. The rule is applicable in the instant case.

We have examined the transcript of the evidence in this case, and find therein sufficient evidence to support the judgment of the trial court that the perpetrator of the trespass was an agent, servant or employee of the defendant, Herman M. Roberson, and was acting within the line and scope of his employment at the time of the commission of such act. We hold that assignments of error 1 and 2 are not well taken.

Assignment of error 3 alleges error in that the court failed to find that there had been a release of defendant from all liability. We see no need to discuss this assignment at any length. The evidence is in conflict as to whether the alleged release was executed as such, by anyone, but, certainly, it is clear that it was not executed by the plaintiff nor any person on her behalf with authority to do so. In addition, as previously stated herein, the record discloses no special plea of release nor agreement to plead in short by consent.

Assignment of error 4 alleges that the evidence was insufficient to determine that plaintiff was the owner of the property taken. This contention has no merit.

There is no assignment of error 5. Assignment of error 6 is merely that the verdict of the court is excessive. Without determining the technical validity of this assignment for review, we deem it sufficient to answer that this assignment has no merit. Since this was an action of

direct trespass, punitive damages were recoverable if warranted by the proof, even though not specifically claimed in the complaint. Cox v. Stuart, 229 Ala. 409, 157 So. 460. Though proof of actual damages was limited, we cannot hold that the trial court was palpably wrong, in view of proof, in its assessment of damages.

Assignment of error 7 alleges error in the rendering of judgment against the defendant, Herman M. Roberson. We think the evidence adequately supports the finding of the court that the act complained of was committed by an employee of defendant, Herman M. Roberson, while acting within the line and scope of his employment. Testimony of the employee himself was to the effect that he had been an employee of defendant, Herman M. Roberson, for one year. Though the evidence does not disclose that the employee was acting under the direct supervision of defendant Roberson, it does sufficiently show that the employee was acting under the supervision of the manager of the business, at least partly owned by defendant, Herman M. Roberson, and that defendant was actively engaged in the operation of the business.

·We find no merit in any of the errors assigned by appellant and therefore the case must be affirmed.

Affirmed.