352 So.2d 1347 (1977)
Henry C. WILLIAMS et al.
v.
Archie McMILLAN et al.
SC 2470.
Supreme Court of Alabama.
December 22, 1977.
*1348 Michael A. Figures of Crawford, Blacksher, Figures & Brown, Mobile, for appellants.
T. M. Brantley, Bay Minette, for Baldwin County Commissioners.
Taylor D. Wilkins, Jr. of Wilkins & Bankester, Bay Minette, for Ray D. Bass as Director of Ala. Highway Dept.
FAULKNER, Justice.
This is an appeal from an order granting a summary judgment. We affirm.
On August 16, 1976, the Williams filed a complaint, claiming damages against the Baldwin County Commissioners and Ray Bass, Director of the State Highway Department, based on allegations that the defendants built a road across their land, without their permission, without notice, and without compensation, and that the road is a continuing trespass. The Williams further allege that a drain constructed by defendants, without their permission, without notice, and without compensation, drains water on their land, causing soil erosion.
The County Commissioners moved for summary judgment with supporting affidavits stating that neither of the Williams had ever filed a claim against the County; *1349 that Baldwin County had a right-of-way deed dated March 24, 1958, across the land in controversy; that the County had adversely possessed the land since 1964; and that the drain on the land is in a natural drainway and puts no additional burden on Williams' land. Bass moved for dismissal of the claim against him (there is no claim on appeal against him). Williams did not file any affidavits, but his deposition taken by the County was filed. His deposition shows that he was aware of the road soon after it was constructed, and that he never filed a claim against the County.
The Williams appeal on the grounds that (1) no affirmative defense was filed pursuant to Rule 8(c) ARCP, and (2) the claim was not barred by Tit. 12, § 118, Code of Alabama.

1.
There appears in the record a document styled "Affirmative Defense" filed on November 8, 1976. The date of filing is X-ed out. What this means, we do not know. But, be that as it may, no affirmative defensive pleading has to be filed before filing a motion for summary judgment, under Rule 56 ARCP.

2.
Tit. 12, § 118 provides that a claim against a county must be presented, for allowance, within 12 months after the time it accrues. The affidavits show that the cause of action began in 1964. The Williams have never filed a claim. And, filing a claim is a condition precedent to the maintenance of a lawsuit against the County. Marshall County v. Jackson County, 36 Ala. 613 (1860). This court said in Marshall County that:
"Counties are by the Code made bodies corporate, with capacity to sue and be sued; but upon the liability to be sued there is this restriction, that no suit shall be brought against a county until the claim or demand has been presented, within a prescribed time, to the court of county commissioners, and has been by such court either disallowed, or reduced and refused by the party."
See also Rice v. Tuscaloosa County, 242 Ala. 62, 4 So.2d 497 (1941).
The Williams say that their claim is not one that falls within Tit. 12, § 118. The statute says, "all claims against counties. . ." If the word "all" means anything, it must be interpreted to include torts as well as contracts and equitable claims.
AFFIRMED.
BLOODWORTH and ALMON, JJ., concur.
TORBERT, C. J., and EMBRY, J., concur specially.
TORBERT, Chief Justice (concurring specially).
I concur with the result reached by the majority due to the fact that no claim was ever filed by the appellants with the countya condition precedent to the maintenance of an action for damages under Title 12, section 118, Code of Alabama 1940 (§ 11-12-18, Code of Alabama 1975). However, because appellants alleged a continuing trespass in their complaint, I do not feel that this court should decide in the present appeal whether or not appellants' claim would be barred if they later complied with the twelve month filing requirement.
EMBRY, J., concurs.