Lola Hatfield and Clara Price commenced this action by filing a complaint styled "Complaint for Trespass and Conversions" against Robert Spears and Madison County. From summary judgment entered in favor of Spears and the county, Hatfield and Price bring this appeal. We affirm in part and reverse in part.
 Issues
(1) Which statute of limitations governs the cause of action alleged against Spears labeled as trespass?
(2) Does failure to file an itemized claim with the county commission within twelve (12) months of the accrual of the claim bar a later action against a county commissioner, as an individual, for damages allegedly caused by the trespass of county employees which was directed and aided by that commissioner for his personal gain?
(3) Is conversion an appropriate cause of action under the facts of this case?
(4) Did plaintiffs produce sufficient evidence to create a genuine issue as to any material fact?
 Facts
Plaintiffs' complaint in this action contains four counts. It names both Robert Spears and Madison County as defendants. The substance of its allegations is: (Count 1) Spears and Madison County, through its agent Spears, intentionally caused employees of Madison County to trespass upon the plaintiffs' lands and cause various types of damage to their real property; (Count 2) Spears and Madison County, through its agent Spears, intentionally caused employees of Madison County to come upon the plaintiffs' lands and to convert real and personal property belonging to them; (Count 3) Spears and Madison County, through its agent Spears, intentionally caused employees of Madison County to wrongfully remove dirt from lands belonging *Page 264 
to plaintiffs and to use the dirt to fill land belonging to Spears, thus maliciously and wrongfully converting the dirt; and (Count 4) Spears devised a scheme to divert water drainage across plaintiffs' lands from his land and such scheme was a misuse of Spears' power as a county commissioner. The latter count was dismissed by plaintiffs.
Both Spears and Madison County moved for summary judgment on various grounds. In support of their motion defendants filed the affidavit of C.E. Quick, clerk-auditor of the Madison County Commission, which stated an itemized claim for damages had not been filed by plaintiffs.
In response to the motion for summary judgment, plaintiffs submitted an answer rebutting the allegations by Spears and Madison County. Plaintiffs also submitted an affidavit by their former attorney stating he had discussed the case with Spears and a letter had been written to the Madison County Commission concerning the case. After a hearing the trial court granted summary judgment as to all claims against Spears and as to all but one of those against Madison County; plaintiffs later dismissed that remaining claim and this appeal ensued.
 Decision
Plaintiffs do not urge error in the entry of summary judgment in behalf of Madison County; however, they do argue that summary judgment was improper as to Spears. This being the case, we need not address the propriety of summary judgment in favor of Madison County because the effect of plaintiffs' actions regarding that party is to make final the judgment in its behalf.
Plaintiffs contend the trial court applied the wrong statute of limitations in granting summary judgment in favor of Spears. The trial court's judgment, dismissing the action against Spears, cited City of Fairhope v. Raddcliffe, 48 Ala. App. 224,263 So.2d 682 (1972). In Raddcliffe, the Court of Civil Appeals held that an action against the City of Fairhope was barred by the one year statute of limitations found in § 6-2-39, Code 1975 (then Tit. 7, § 26, Code 1940). The appellate court reached this conclusion by determining that the action filed against the City of Fairhope was based on a respondeat superior
theory. Actions based on respondeat superior principles are trespass on the case, not trespass, therefore governed by the one year statute of limitations and not the six year statute. The appeals court further stated that alleging wantonness or its equivalent did not necessarily charge trespass; because, unless there is direct force, there can be no trespass. WhileRaddcliffe sets forth correct legal principles, the instant case is distinguishable.
In this case plaintiffs allege that Spears "intentionally" caused employees of Madison County to come on their land and do direct physical damage to their property. It has long been the law in this state that a person may commit a trespass, although he is not present at the time the trespass is committed and does not take a personal hand in the trespass, by directing, aiding, participating in, or ratifying the trespass committed by that person's active agent or joint participant. C.O. OsbornContracting Co. v. Alabama Gas Corp., 273 Ala. 6, 135 So.2d 166
(1961); Trognitz v. Fry, 215 Ala. 609, 112 So. 156 (1927). Thus the distinction between this case and Raddcliffe is that the latter is one of trespass on the case while this is one of trespass.
In Raddcliffe, the plaintiffs sought to hold the city liable merely because of a master-servant relationship; thus the action charged was trespass on the case and the one year statute of limitations applied. In this case Spears is charged with actually directing or aiding in the commission of a trespass; therefore, the six year statute of limitations applies. See C.O. Osborn Contracting Co. v. Alabama Gas Corp., supra, and Trognitz v. Fry, supra. The following language in plaintiffs' complaint clearly shows Spears was being charged in trespass and not in trespass on the case:
 "* * * the Defendant, Robert Spears and the Defendant Madison County, through its agent Robert Spears, * * * *Page 265 did intentionally cause employees of Madison County to trespass upon the lands of both Plaintiffs * * *." (Emphasis added.)
See C.O. Osborn Contracting Co. v. Alabama Gas Corp., supra;City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389 (1903). This is true because the language charges Spears with affirmative participation in the trespass on plaintiffs' lands. See City Delivery Co. v. Henry, supra.
The next major issue is whether the plaintiffs' failure to file an itemized claim for damage, as provided by §§ 6-5-60,11-12-5 and 11-12-8, Code 1975, within 12 months of the trespass bars the action against Spears. We hold those code sections, under the facts of this case, do not apply to actions against a county commissioner who acted in his own individual capacity for personal gain.
Defendant contends that this court's holding in Williams v.McMillan, 352 So.2d 1347 (Ala. 1977), requires a claim to be presented to the county within 12 months of its accrual even though the claim is for liability of a commissioner of the county who acted in his individual capacity. We cannot agree. In Williams, we did not address the question of whether a claim had to be filed with the county if the claim was against the county commissioner for his individual action or liability when his actions were taken for his own personal gain or profit.
Sections 11-12-5, 11-12-8 and 6-5-20, Code 1975, refer only
to claims and actions against the county. They do not require the filing of a claim with the county when the action or claim is against the individual commissioner who has acted solely in his individual capacity. If a county commissioner is joined in an action against the county, as in this case, the failure to file an itemized claim as required by the statutes will bar the action against the county, but will not necessarily bar the action against the county commissioner if he has acted for personal gain and is sought to be made independently liable. To require claims to be filed with the county commission as a condition precedent to maintaining a lawsuit against the individual county commissioner who has acted in his individual capacity would require us, in effect, to amend the statutes which require the filing of claims as a condition to suit against the county. Clearly, this court may not make such statutory amendments. Town of Loxley v. Rosinton Water, Sewerand Fire Protection Authority, Inc., 376 So.2d 705 (Ala. 1979).
The other major issue concerns counts two and three of plaintiffs' complaint. They allege that Spears converted to his own use dirt severed from their property. We conclude that summary judgment was properly entered in behalf of Spears as to these two counts.
Plaintiffs urge that conversion was a permissible cause of action because: (1) dirt was severed from their property; (2) the dirt thus became personal property; and (3) Spears converted such personal property to his own use. We, however, agree with defendant's argument that an action for conversion could not be maintained because the dirt was permanently affixed to realty and, thus, became incorporated into that realty. Alabama law is clear that trover will only lie for conversion of chattels and will not lie for the conversion of personal property which is, after the alleged conversion, incorporated into real property. Bynum v. Gay, 161 Ala. 140,49 So. 757 (1909); Thweat v. Stamps, 67 Ala. 96 (1880).
Finally, defendant contends that summary judgment was proper because plaintiffs did not offer sufficient evidence to create a genuine issue as to any material fact. We find no merit in this contention. An affidavit was filed stating that an itemized claim had not been filed with the county. A counter-affidavit was filed explaining the failure to file a claim with the county. By response to the motion for summary judgment, the six year statute of limitations found in §6-2-34, Code 1975, was pleaded as applicable to this action, which under count one of the complaint sounded in trespass. *Page 266 
For the assigned reasons, the judgment in favor of Robert Spears as to count one of plaintiffs' complaint charging Spears with trespass is reversed. The summary judgment in favor of Robert Spears as to the counts of the complaint for conversion and the summary judgment in favor of Madison County as to all counts is affirmed.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.