Randy Crowe appeals from a judgment of the Limestone County Circuit Court dismissing his claims against Mignon Bowers and the City of Athens ("the City") arising from the alleged detention of a grain drill planter. We reverse the judgment as to Bowers, but affirm the judgment as to the City. *Page 449 
On December 1, 1997, Crowe filed a complaint that stated, in pertinent part:
 "1. During or about January, 1995, defendant Mignon Bowers while acting within the scope of her employment as a municipal officer of the defendant City of Athens, Alabama, with the aid of unknown defendants, did negligently order, cause, permit or fail to prevent the wrongful conversion and appropriation of a John Deere grain drill planter from the possession of the plaintiff to the possession and to the benefit of the defendant City of Athens, Alabama, by wrongfully taking the said John Deere grain drill planter and carrying it away.
". . . .
 "2. Written demand for the return of the John Deere grain drill planter to his possession having been made by the plaintiff, on or about the 17th day of July, 1997, and continuing to the present day defendant Mignon Bowers and other unknown defendants acting within the scope of their employment by the defendant City of Athens, Alabama, have wrongfully exercised dominion over the said John Deere grain drill planter in known violation of the law to the exclusion of and in defiance of the plaintiff's rights with insult, contumely and malice.
". . . .
 "3. The notice requirements to defendant City of Athens, Alabama, a municipal corporation, of Code of Alabama, 1975, Sections 11-47-23 and 11-47-192 have been fully complied with prior to the filing of this Complaint."
The City and Bowers filed a motion to dismiss, alleging, among other things, (1) that Crowe's complaint failed to state a claim upon which relief could be granted; (2) that Crowe had failed to file a proper notice of claim with respect to his claim against the City; (3) that the defendants were immune from liability; and (4) that Crowe's claims were time-barred. Crowe filed a response in opposition, attaching a copy of a "notice of claim" filed with the City on July 17, 1997, and a photograph of the allegedly detained property; thereafter, both parties filed legal arguments in support of their positions. After a hearing, the trial court granted the defendants' motion and entered a judgment dismissing the case.
Crowe appealed to the Alabama Supreme Court. That court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
We must first consider the proper standard of review with respect to the trial court's judgment, an issue the parties have not addressed. Rule 12(b), Ala.R.Civ.P., provides that "[i]f, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."[1] In this case, Crowe *Page 450 
submitted a copy of his notice of claim and a photograph of the allegedly detained grain drill planter, and these items were not excluded by the trial court. Under Rule 12(b), such a course of events would ordinarily result in review of any resulting judgment under the standard of review applicable to summary judgments.
However, the Supreme Court noted in Lawson State Community College v. First Continental Leasing Corp., 529 So.2d 926 (Ala. 1988), overruled on other grounds by Berner v. Caldwell,543 So.2d 686 (Ala. 1989):
 "`[A] reviewing court should not automatically treat a dismissal where external materials were not excluded as a summary judgment, although such treatment may be the most common result of such a situation. Rather, the reviewing court must assure itself that summary judgment treatment would be fair to both parties in that the procedural requirements of the applicable rules were observed.'"
529 So.2d at 928 (quoting Tele-Communications of Key West, Inc. v. United States, 757 F.2d 1330, 1334 (D.C. Cir. 1985)). We conclude that the advice of the Lawson State court is particularly apt in this factual setting. The motion to dismiss challenged the legal sufficiency of Crowe's complaint; Crowe's initial response to the motion, other than including the notice of claim and the photograph, did not present any matter other than legal argument directed to the grounds alleged in the motion; the parties thereafter confined themselves to briefs arguing these legal grounds, rather than submitting any affidavits or deposition excerpts; and the trial court did not expressly afford the parties a "reasonable opportunity to present all material made pertinent to . . . a [summary-judgment] motion" (see Rule 12(b), Ala.R.Civ.P.). These factors, as well as the complete absence of pertinent record evidence going to the merits of the parties' claims and defenses, lead us to conclude that to treat the trial court's judgment as anything other than a dismissal under Rule 12(b)(6) would not "be fair to both parties" in this instance. Lawson State, 529 So.2d at 928.
Accordingly, we review the trial court's judgment as we would a dismissal pursuant to Rule 12(b)(6), Ala.R.Civ.P., for failure to state a claim. The appropriate standard of review was set out in Nance v. Matthews, 622 So.2d 297, 299 (Ala. 1993) (citations omitted):
 "On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6) is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [him] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [he] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief."
"To establish conversion, a plaintiff must show a wrongful taking, an illegal assumption of ownership, an illegal use or misuse of another's property, or a wrongful detention or interference with another's property." Birmingham-Jefferson County Transit Auth. v. Arvan, 669 So.2d 825, 828 (Ala. 1995). With respect to the individual defendant, Bowers, the complaint alleges that she "cause[d]" the "conversion" of Crowe's grain drill planter "by wrongfully taking the . . . grain drill planter and carrying it away." This language states a cause of action for conversion under Alabama law.
The statute of limitations governing conversion claims is § 6-2-34(3), Ala. Code 1975; under that statute, "[a]ctions *Page 451 
for the detention or conversion of personal property" "must be commenced within six years" of their accrual. Here, the wrongful conduct alleged by Crowe occurred in January 1995, less than three years before he filed his complaint. Therefore, Crowe's claim against Bowers is not time-barred.
Bowers argues that the complaint was due to be dismissed because of her claim of immunity arising from her alleged performance of a discretionary function. She relies upon § 895D of the Restatement (Second) of Torts (1979), which our Supreme Court has adopted as part of the law of this state (see Grant v. Davis,537 So.2d 7, 8 (Ala. 1988)) and which provides that a "public officer" acting within the general scope of his or her authority will not be subjected to tort liability for an administrative act or omission if he or she "is immune because engaged in the exercise of a discretionary function." Neither party has provided authority, and we are aware of none, for the proposition that the operation of § 895D as an affirmative defense with respect to state officials differs from its operation as to municipal officials.
Our Supreme Court noted in Phillips v. Thomas,555 So.2d 81 (Ala. 1989), that "qualified immunity from suit for negligence arising out of a discretionary act is an affirmative defense which must be raised and proved by the defendant" (emphasis added), and that "a plaintiff's complaint against a state official or employee, seeking damages for personal injury arising out of the negligent performance of the defendant's official duties, does state a valid cause of action, and, as such, will survive the defendant's motions to dismiss and for judgment on the pleadings, even if the defendant raises the affirmative defense of qualified immunity." 555 So.2d at 86. "The summary judgment stage, then, becomes the step at which the court must determine whether the case should proceed forward, and at which the defendant must meet his burden of showing that the alleged negligence arose out of a discretionary or nonministerial act, in order to avail himself of qualified immunity from suit." Id. Because the complaint in this case alleges negligent conduct on the part of Bowers, and alternatively avers that Bowers acted "with malice" (proof of which state of mind would defeat the application of discretionary function immunity; see Wright v. Wynn, 682 So.2d 1, 2 (Ala. 1996)), we cannot conclude that it is "beyond doubt that [Crowe] can prove no set of facts in support of [his] claim that would entitle [him] to relief." Nance, 622 So.2d at 299.
We now consider the issue of the City's liability. When viewed in a light most favorable to Crowe, to the extent that his complaint can be read as alleging a cause of action against the City, Crowe seeks to affix liability upon the City for the acts of its servants, both Bowers and various other unnamed persons acting in the line and scope of their employment, amounting to conversion of his property.
To the extent that Crowe alleges that the City should be held liable because of its employees' intentional acts, his complaint does not state a valid claim under Alabama law. See Ex parte City of Gadsden, 718 So.2d 716, 721 (Ala. 1998) (holding that § 11-47-190, Ala. Code 1975, "absolves a city from liability for an intentional tort committed by one of its agents"). However, our inquiry does not end at this point. Because § 11-47-190 allows for municipal liability where a wrong is done or suffered "through . . . neglect [or] carelessness," and because "[i]t is the act of conversion itself that gives a right of action, and not the intent to convert," Carolina Cas. Ins. Co. v. Tisdale, 46 Ala. App. 50,56, 237 So.2d 855, 860 (Civ.App.), cert. denied, 286 Ala. 741,237 So.2d 861 (1970), Crowe's complaint may state a claim against the City based upon its employees' alleged nonintentional conduct if his reference to Bowers's "negligence" is interpreted as averring "neglect" or "carelessness." *Page 452 
The allegations of Crowe's complaint seek to impose vicarious liability upon the City for the wrongful conduct of Bowers and other alleged actors. "The liability of a corporation for the torts of its employees, whether agent or servant, is grounded upon the principle of `respondeat superior[,]' not the principles of agency . . . . The factual question to be determined is whether or not the act complained of was done, either by agent or servant, while acting within the line and scope of his employment." National States Ins. Co. v. Jones, 393 So.2d 1361, 1367 (Ala. 1980) (quoting Old S. Life Ins. Co. v. McConnell, 52 Ala. App. 589,594, 296 So.2d 183, 186 (Civ.App. 1974)). This principle is pertinent to our consideration of the City's statute-of-limitations defense. While § 6-2-34(3) provides for a six-year period within which to commence a conversion action against a defendant, §6-2-38(n) provides that "[a]ll actions commenced to recover damages for injury to the person or property of another wherein a principal or master is sought to be held liable for the act or conduct of his agent, servant, or employee under the doctrine of respondeat superior must be brought within two years."
In Wint v. Alabama Eye Tissue Bank, 675 So.2d 383
(Ala. 1996), the Alabama Supreme Court applied this statute in considering an appeal from a summary judgment in favor of a corporation on a conversion claim. In Wint, the surviving spouse of a decedent sued the Alabama Eye and Tissue Bank ("the Bank"), alleging that one of its employees had "harvested" the decedent's eyes immediately after his death without obtaining permission to do so, and that the Bank was therefore guilty of conversion. In affirming the summary judgment in favor of the Bank, the Supreme Court discussed the origin and effect of § 6-2-38(n) with respect to conversion actions:
 "The problem of distinguishing between a direct trespass or conversion action governed by the six-year statute of limitations found in § 6-2-34 and a trespass or conversion action based upon respondeat superior governed by the two-year statute of limitations of § 6-2-38(n) is virtually identical to the problem of distinguishing between trespass and trespass on the case. Before Alabama's current statute of limitations scheme went into effect, Alabama courts were forced to distinguish between trespass and trespass on the case in applying a now repealed statute of limitations that made such a distinction. Trespass actions against employers premised totally upon a theory of respondeat superior were held to be trespass-on-the-case actions, while trespass actions based upon a theory that the employer took `personal hand in the trespass, by directing, aiding, participating in, or ratifying the trespass committed by that person's active agent or joint participant' were held to be trespass actions, not trespass-on-the-case actions. Hatfield v. Spears, 380 So.2d 262, 264 (Ala. 1980) (citing C.O. Osborn Contracting Co. v. Alabama Gas Corp., 273 Ala. 6, 135 So.2d 166 (1961); Trognitz v. Fry, 215 Ala. 609, 112 So. 156
(1927)).
 "In Sasser v. Dixon, 290 Ala. 17, 18, 273 So.2d 182, 182 (1973), this Court wrote, `It is settled in our law that an action of trespass on the case is governed by the statute of limitations of one year, while if the allegation and proof show trespass the six year statute applies.' The case of Citizens Bank Savings Co. v. Wolfe Sales Co., 394 So.2d 941 (Ala. 1981), involved an action alleging trespass to realty. The plaintiff alleged that employees of Wolfe Sales had `inflicted excessive damage to the realty' to which was affixed certain equipment that Wolfe Sales employees repossessed. 394 So.2d at 942. This Court held that `the action sued upon is governed by the one-year statute of limitations set out in § 6-2-39(a)(5) [now repealed] . . ., [because] the allegations of the plaintiff's complaint show trespass *Page 453 
on the case, as distinguished from trespass.' Id.
 "Likewise, the two-year limitation of § 6-2-38(n) applies to bar a plaintiff's claims against an employer based upon the intentional torts of the employer's servants, unless the plaintiff's `allegations and proof show' that the defendant employer directed, aided, participated in, or ratified the alleged tortious conduct of the servant. See, e.g., Hatfield v. Spears, supra; C.O. Osborn Contracting Co., supra, 273 Ala. at 8, 135 So.2d at 168."
675 So.2d at 386 (footnote omitted).
In this case, there is no indication in the four corners of the complaint that the City of Athens "directed, aided, participated in, or ratified" the conversion of Crowe's grain drill planter by Bowers and the unnamed persons referred to in the complaint. The City's liability, like that of the Bank in Wint, is based solely upon the actions of its employees, and is derivative therefrom. Thus, the applicable statute of limitations with respect to Crowe's claims against the City is § 6-2-38(n), rather than § 6-2-34(3), and we therefore must determine whether Crowe filed his complaint within two years of the accrual of his conversion cause of action.
"A conversion claim generally accrues at the time the conversion occurs." Casassa v. Liberty Life Ins. Co., 949 F. Supp. 825,831 (M.D. Ala. 1996); see also 54 C.J.S. Limitations of Actions § 183 (1987) (cause of action for conversion accrues at, and limitations begin to run from, the date of the conversion). In this case, Crowe's complaint alleges that Bowers and certain unknown defendants "negligently order[ed], cause[d], permit[ted] or fail[ed] to prevent the wrongful conversion and appropriation" of the grain drill planter in January 1995, more than two years before the filing of Crowe's complaint in December 1997, and that their dominion over the planter has been continuous since that time.
Crowe, however, contends that the running of the limitations period was tolled by the City's alleged "fraudulent concealment" of his cause of action. However, Crowe did not allege in his complaint that the City fraudulently concealed a cause of action, much less "any of the facts or circumstances by which the [City] concealed the cause of action or injury," as required by Rule 9(b), Ala.R.Civ.P. See Miller v. Mobile County Bd. of Health,409 So.2d 420, 422 (Ala. 1981). "In the absence of fraudulent concealment, ignorance of a conversion will not prevent the running of limitations from the time of conversion." 54 C.J.S. Limitations of Actions § 183 (1987); see also 18 Am.Jur.2d Conversion § 94 (1985) (conversion cause of action accrues at time of the taking, and not at time of the discovery of the taking or the identity of the taker).
Finally, Crowe contends that his written demand against the City filed on July 17, 1997, initiated a new limitations period. This contention is foreclosed by Ballenger v. Liberty Nat'l Life Ins. Co., 271 Ala. 318, 123 So.2d 166 (1960), in which the Alabama Supreme Court held that a conversion action brought within the applicable limitations period after a written demand had been made upon the party that had allegedly converted the plaintiff's property, but after more than 20 years had elapsed since the original taking, was time-barred. Notably, Crowe does not allege that the original possession of Bowers and the unknown City employees of the grain drill planter was lawful or authorized, but intimates that the taking was improper as of January 1995. "If the holding or possession sounds in tort from the beginning, a demand and refusal are unnecessary for the purpose of determining when the statute of limitations begins to run. Where the statute has already begun to run, no subsequent demand and refusal can start it afresh." 89 C.J.S. Trover Conversion § 91 (1955); see also 18 Am.Jur.2d Conversion § 94 (1985). *Page 454 
Therefore, we conclude that the trial court correctly dismissed Crowe's complaint as to the City because Crowe's respondeat superior claim against the City was barred, as a matter of law, by the expiration of the two-year limitations period set forth in § 6-2-38(n), Ala. Code 1975. Because we reach this conclusion, we do not address the City's alternate contention that the municipal nonclaim statute, § 11-47-23, Ala. Code 1975, bars Crowe's claim against it. We also deny the City's motion to strike Crowe's brief or to dismiss Crowe's appeal, which is based upon Crowe's failure to notify the attorney general, pursuant to Rule 44, Ala.R.App.P., and § 6-6-227, Ala. Code 1975, of his constitutional challenge (since withdrawn) to § 11-47-190, Ala. Code 1975, the resolution of which challenge would not affect the outcome of this appeal.
Based upon the foregoing facts and authorities, the trial court's judgment is affirmed as to Crowe's claims against the City. As to Crowe's claims against Bowers, the judgment is reversed, and the cause remanded for further proceedings.
MOTION TO STRIKE OR DISMISS DENIED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Yates, Monroe, Crawley, and Thompson, JJ., concur.
[1] In contrast, the submission and consideration of affidavits or other evidence in connection with a motion to dismiss that states grounds other than a failure of a pleading to state a claim does not result in automatic conversion:
 "Most courts now . . . permit `speaking' motions under Rule 12(b). There is little difficulty in allowing these motions in conjunction with the defenses enumerated in Rules 12(b)(1) to 12(b)(5). The validity of these defenses rarely is apparent on the face of the pleading and motions raising them generally require reference to matters outside the pleadings. The practice of allowing `speaking motions' in connection with the Rule 12(b)(1) through Rule 12(b)(5) defenses has not been compromised by the fact that the 1948 amendment to Rule 12(b) only expressly permits the use of extraneous matter on a Rule 12(b)(6) motion. Finally, the defense described in Rule 12(b)(7), failure to join a party under Rule 19, . . . is analogous to the defenses in Rules 12(b)(1) through 12(b)(5) and also may be supported by affidavits or other evidence."
Charles A. Wright Arthur R. Miller, Federal Practice Procedure, § 1364 pp. 468-70 (2d ed. 1990) (discussing analogous federal rule).