Gleason *v.* Amsdell.

------

PATRICK J. GLEASON, Respondent, *against* GEORGE J. AMSDELL *et al.*, Appellants.

(Decided December 6th, 1880.)

A master is answerable for the negligence of one whom his servant employs by his authority, to aid the servant in the master's business ; and it is not necessary in such a case to show that such authority was expressly given; but it may be implied from the nature of the business, the course of trade, and all the circumstances of the particular case.

While a truck owned by the defendants was standing in front of their place of business, loaded with empty barrels, in charge of their driver, he was directed by B., one of their chief employes, to unload it. As the driver wanted to go to dinner, he asked S. to unload the truck, and S. proceeded to do so, B. looking on from a window S. was not regularly employed by the defendants, but was accustomed to be about their place, and there was evidence that he had occasionally done work there, for which he had sometimes been paid by B.. and at other times by one of the defendants' drivers. In unloading the truck S. pushed the barrels with his foot, off upon the sidewalk, and one of them, falling on the sidewalk upon an end, bounced off, and struck a passer-by who was on the walk near the curb, knocking him down and injuring him. *Held*, that this manner of unloading the truck amounted to negligence on the part of S., causing the injury, for which the defendants were answerable.

APPEAL from a judgment of this court entered upon the report of a referee.

The action was brought to recover damages for a personal injury alleged to be caused by the negligence of the defendants. The facts are stated in the opinion. Upon trial before a referee, he found for the plaintiff, and upon his report, judgment for the plaintiff was entered. From the judgment the defendants appealed.

CHARLES P. DALY, Chief Justice.—The only question raised or discussed by the defendants, upon this appeal, is whether the relation of master and servant existed between the defendants and Strube, the person whose negligence was the cause of the injury. The defendants' counsel conceded, upon the argument, that in respect to the question of contributory or co-operating negligence, the finding of the referee was conclusive, and the counsel did not discuss it.

The referee finds upon the law applicable to the facts, that the relation of master and servant existed between Strube and the defendants; that they are answerable for the injury caused by his negligence; and in my opinion, there is sufficient in the evidence to support the finding.

Where an injury arises through the negligence of a servant, acting within the scope of his authority, the act of the servant is deemed the act of the master, and he is answerable for it. He is answerable for the negligence of one whom the servant employs by his authority, to aid the servant in the employment of the master's business; and it is not necessary, in such a case, to show that such authority was expressly given; but it may be implied from the nature of the business, the course of trade, and the circumstances of the particular case (*Wanstall* v. *Pooley*, 6 Clark & F. 910, n.; *Suydam* v. *Moore*, 8 Barb. 358; *Booth* v. *Mister*, 7 Carr. & P. 66; *Althorf* v. *Wolfe*, 22 N. Y. 355; Shearman & Redfield on Negligence, §§ 70, 71.) The act which Strube was engaged in doing, the unloading of the the defendants' truck, which was in front of the defendants' brewery, was an act in and about the defendants' business. One of the defendants' wagons or trucks, loaded with empty beer barrels, was in front of the defendants' brewery to be unloaded; the driver of the truck, who was in their employ-

Gleason *v.* Amsdell.

ment, directed Strube to unload the truck whilst he—the driver —went into an adjoining house, to get his dinner. Strube was not one of the defendants' regular employes; his name was not on their pay-roll; but there was sufficient in the evidence, to show, that he was one of that class of persons who attend about warehouses, stores, or places like the defendants' brewery, ready to be employed, whenever their services are required as laborers, and who are paid specifically or by the hour or otherwise, for the incidental or occasional work which they do.

There was conflict upon this point; but assuming, as we must, from his decision, that the referee found in favor of the plaintiff, upon all essential matters where there was conflict, it is sufficient to state that it appeared on the part of the plaintiff by the testimony of Heinman, a witness who was in the defendants' employ at the time of the accident, that Strube worked for the defendants and got paid for his work; that he was paid by Buckley, one of the defendants' employees, who had the supervision of the defendants' books in which, according to his own testimony, if five cents was paid, it was entered, and what it was paid for; and that nobody could be paid anything, who was in the defendants' employ, without his knowing it. Heinman also testified that one of the defendants' drivers occasionally gave Strube a quarter of a dollar; and that he saw Strube get a quarter of a dollar from the office. The defendants' general manager, Hyland, on his cross-examination, testified as follows: that he saw Strube moving around the place, sleeping, and that they kicked him out; never saw him do anything; saw him move barrels; that he got a glass of beer once in a while; never knew him to get any money from the bookkeeper; that he was not entered in the books as an employe; saw him loafing around the store.

Taking the whole of this evidence together; it was sufficient to justify the conclusion that Strube was, as I have said, one of those incidental or day laborers, who, as is common in this city, and in all large commercial places, are to be found in stores, warehouses, or establishments like the defendants', for such work as they can get; who are called in when their assistance or labor is needed by the principals, or the regular

Gleason *v.* Amsdell.

employes of such establishments; who do what they are directed to do, and are paid for it, at the time, either by the principals, or the employes who call upon them. For the negligence of persons so employed about the master's business, the master is answerable; and it makes no difference whether they are called in to labor by the master or by his servant —the qu stion in every such case being, whether they were, at the time, acting in and about the master's business, with his authority. This may be implied from the circumstances, and could be implied from the facts found by the referee, in this case, in respect to Strube. The proper distinction and test was pointed out by Judge DENIO, in *Althorf* v. *Wolf* (22 N. Y. 365); that the master is not answerable where a stranger, without his consent or knowledge, and notwithstanding all usual and proper precautions, should impertinently interfere in the management of his affairs; or where the injury arises from the negligence of the servant of one with whom he has contracted to do a particular piece of work, and over whom he has no direction or control. It is upon distinctions like these, that the cases, *Milligan* v. *Wedge* (12 Ad. & El. 737); *Blake* v. *Ferris* (5 N. Y. 48); were decided, upon which the defendants rely. In *Booth* v. *Mister* (7 Carr. & P. 66), it appeared that the servant of the defendant, who was in the defendant's cart, and whose duty it was to have charge of the cart, had given up the reins to another person, not in the defendant's employment, who was driving, when the collision occurred; and it was held that the master was answerable. As the defendant's servant was in the cart, said Lord ABINGER, it makes no difference that the reins were held by another. It was the same as if held by the servant himself. In this case, the point taken was substantially the same as the one relied upon here—that the defendants were not liable, because the cart, at the time of the accident, was driven by a person not in the defendant's employment; and as the defendant was held to be liable, it must have been upon the ground that it was negligence in the defendant's servant to give up the reins to the person who, through his negligence in driving, struck the plaintiff's vehicle. In the present case, the defendants' driver was engaged in the

defendants' business. He was in charge of the truck, in front of the defendants' place, which was loaded with empty beer barrels. Buckley, one of the defendant's employes, came to the door, and, as he testified, called the driver to unload the truck; and as the driver wanted to go to dinner, he asked Strube to unload it, who proceeded to do so, and was engaged in doing so, when he caused the accident, by the negligent manner in which he threw the barrels off, upon the sidewalk. It was, if there was any substantial difference, a more excusable act, on the part of the driver here employed in his master's business, than the case cited of surrendering up the driving of the vehicle of which the defendant's servant was in charge, to one who drove it negligently; and if the master was held answerable in that case, I fail to see, why the master should not be in this. What was said by Baron Parke, in *Joel* v. *Morison* (6 Carr. & P. 501), may be cited in illustration. "If," he said, "the servant, being on the master's business, took a detour to call upon a friend, the master will be responsible; or if he was going out of his way against his master's implied command, when driving on his master's business, he would make his master liable." The master is only liable when the servant was acting in the course of his employment, and he distinguishes, as exempting the master, the surreptitious taking away of the cart, by the servant, not upon the master's business, but upon a frolic of his own. In this case, the defendant's driver was in charge of the truck, engaged in his master's business, and for the purpose of getting his dinner, he temporarily left it in charge of Strube, directing him to take off the load, and if it was negligence to leave the unloading of it to a person who did it so unskillfully and negligently as to injure a passer-by, on the sidewalk, the negligence of the driver in doing so, is the negligence of the master. Strube was not one impertinently intruding himself in the management of the defendants' business, but one called in by the defendants' servant to do an act necessary, and directed to be done—the unloading of the cart—and that there was nothing unusual or objectionable in Strube's being put by the driver to do so, is indicated by the fact that Buckley, one of the defendants' chief em-

ployes, who had directed the cart to be unloaded, was at the window, looking at what Strube was doing, when the accident happened.

That the accident happened through the negligent way in which Strube unloaded the truck, was clearly shown by the testimony of the plaintiff's witnesses. It was, that he pushed the barrels off, from the truck, upon the sidewalk, with his foot; that one of the barrels struck the sidewalk upon an end, bounced off, and struck the plaintiff's son, who was passing by, close to the curb, and knocked him down, the barrel rolling over his leg, and causing the injury which led to the bringing of the action. The facts, as they appear by the testimony of the plaintiff's witnesses, warranted the finding of the referee; and, in my opinion, the judgment should be affirmed.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment affirmed.