176 So. 469

## HARRIS v. BELL.

### 6 Div. 151.

Supreme Court of Alabama.

Oct. 14, 1937.

Rehearing Denied Nov. 4, 1937.

Morel Montgomery, of Birmingham, for appellant.

Clark & Trawick, of Birmingham, for appellee.

BROWN, Justice.

Action of trespass on the case by appellee against appellant, Morris Cohn, and Roosevelt Reynolds for personal injuries received by the plaintiff in a collision between the automobile in which she was riding and the automobile of the appellant, Joe Harris, while being driven by said Reynolds. There was a verdict in favor of the plaintiff against Harris and Reynolds assessing the damages at $1,000 and acquitting Cohn. Harris alone appealed with citation to Reynolds to appear and join in the appeal and assignment of error, which he failed to do.

The single question presented for decision is whether or not Harris is liable for the injury to plaintiff inflicted by his automobile while being driven by Reynolds for the purpose of placing the automobile in the garage for storage during the night.

The facts, which the evidence tended to prove, pertinent to this question, are that the automobile in which the plaintiff was riding was proceeding west, Elven Irwin driving, approached the front entrance of a storage garage facing south on Fifth avenue in the city of Birmingham, said avenue leading from east to west. The Harris car, driven by Reynolds, was proceeding east on said avenue, at about one o'clock a. m.—made a sudden left turn directly in front of the garage to enter same—and collided with the plaintiff's car, resulting in her injury.

The evidence goes to show that Harris arrived in Birmingham about midnight, driving his car; went to the Birmingham News Building where his brother-in-law, Harry Rosenblum, was an employee, working at night.

Rosenblum and Harris then proceeded to Rosenblum's house where Harris was to spend the night. After unloading Harris' baggage, Rosenblum, at Harris' request and with his permission to use the automobile to return to his work, assumed control of the automobile for the purpose of placing it in a garage where automobiles were stored for hire. Rosenblum drove to the garage, of which Reynolds was in charge, and requested Reynolds to drive him, Rosenblum, to his place of work, and return with the automobile and place it in storage for the night.

There was evidence tending to show that Reynolds, while returning with the automo-

bile to the garage, for the purpose of storing it for the night, came in collision with the automobile in which plaintiff was riding.

The appellant insists that, taking the evidence most favorable to the plaintiff, Reynolds was but a bailee for hire, and was not an agent or servant of Harris.

The appellee, on the other hand, contends that, in these circumstances, the evidence was sufficient to justify an inference, which it was the province of the jury to draw, that Rosenblum had implied authority to engage Reynolds to drive the automobile to Rosenblum's place of work and return it to the garage, and Reynolds, in driving the automobile to the garage for the purpose of storage for the night, was pro hac vice the agent or servant of Harris.

The purpose of Rosenblum's agency was to use the automobile to go back to his place of work, and place it in a storage garage for the night, and, if this purpose could not be accomplished without assistance, authority to engage such assistant may be implied.

 "Subject to the limitation that the act complained of must be within the scope of the servant's employment, a master is liable for the acts of one whom the servant employs under authority given him by the master to assist in the performance of the master's work. The authority to employ assistants may be either express or implied; it may be implied from the nature of the work to be performed, from the general course of conducting the business of the master by the servant, or from the circumstances of the particular case." 39 C.J. 1271, § 1453; Kirk v. Showell, Fryer & Co., 276 Pa. 587, 120 A. 670; Osteen v. South Carolina Cotton Oil Co., 102 S.C. 146, 86 S.E. 202, L.R.A.1916B, 629; Gleason v. Amsdell, 9 Daly (N.Y.) 393; Westchester Fire Ins. Co. of New York v. Green, 223 Ala. 121, 134 So. 881.

We are of opinion, therefore, that the question was one for the jury.

Moreover, the evidence presented a case for jury decision under the doctrine recognized and applied in Emison v. Wylam Ice Cream Co. et al., 215 Ala. 504, 111 So. 216, 218, to the effect that: "when the servant has been intrusted with an instrumentality which he is instructed to use in the prosecution of the master's business, we think it is sound both in principle and in policy to hold the master responsible for the servant's injurious use of that instrumentality in the performance of his author-

ized service, even though the servant had intrusted the particular service to the hands of a third person who was acting for him and under his direction; and, in such a case, we can recognize no valid distinction between a case where the servant was present with his assistant at the time and place of the accident and a case where the servant was elsewhere. In each case the servant uses the instrumentality for the purpose intended and authorized, and in each case the directed act of his assistant is equally the act of the servant." Simons v. Monier, 29 Barb.(N.Y.) 419; 39 C.J. p. 1272, § 1459.

Charges, 1, 3, and 5, requested by the defendant, were refused without error. Charge A requested by the defendant does not appear to have been acted on by the court, however, under the last stated category it could not have been given without error.

The motion for new trial was also overruled without error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.