324 So.2d 287

**John D. SIBLEY and Charles J. Smith**

v.

**Willard E. ADAMS, Sr. and Brenda H. Adams.**

**Civ. 546.**

Court of Civil Appeals of Alabama.

Sept. 17, 1975.

Rehearing Denied Oct. 8, 1975.

Wade H. Morton and Bryant A. Whitmire, Birmingham, for appellants.

Madison W. O'Kelley, Jr., Birmingham, for appellees.

**WRIGHT, Presiding Judge.**

Defendants appeal from a verdict and judgment in favor of plaintiffs for damages resulting when trees were cut from plaintiffs' land.

Plaintiffs own approximately three acres of wooded land in Jefferson County. Defendant Sibley is the owner of an adjoining tract. In 1972, defendant Sibley leased his land for strip mining to the Hallmark Coal Company, reserving the right to remove timber from the land prior to mining.

As part of his duties with Hallmark, defendant Smith, along with a surveyor for Hallmark, marked the boundary line dividing the Adams and Sibley tracts. Smith then notified a nearby woodyard, which dispatched cutters to cut the timber from the Sibley tract. The woodyard paid Sibley four dollars per cord for wood cut from his land. Smith later discovered that not all of the timber had been removed. He then secured Stone to complete the cutting, accompanied him to the Sibley tract and showed him where to cut.

Apparently, it was during the second cutting that the trees were cut from the plaintiffs' property. Some 52 large pine trees were cut from the lower one-third of plaintiffs' tract.

Samuel Hays, father of plaintiff Brenda Adams, first discovered that trees had been cut from the Adams tract. He testified as to a conversation between himself and Smith wherein Smith stated that Stone cut for "me and Mr. Sibley." Hays also testified to a telephone conversation between himself and Sibley in which Sibley said that he had a woods foreman who knew where the line was and that this foreman was Charlie Smith. Smith testified that one of his duties with Hallmark was to "help Mr. Sibley in any manner that I could."

Although the complaint was filed February 23, 1973, trial was held after the rules went into effect and the rules therefore governed procedure in this case. Rule 86, *Alabama Rules of Civil Procedure*. The complaint consisted of two counts: Count One being in the Code form for trespass to land, and Count Two for the statutory penalty for cutting trees. The complaint was later amended to add a third count for conversion of the trees. At the conclusion of the evidence, the court struck Count Two, the statutory penalty for cutting trees. The court instructed the jury regarding punitive damages, and further instructed on this issue during deliberations when requested to do so by the jury. The jury returned a verdict in favor of plaintiffs and assessed damages at $6,000.

In their motion for directed verdict, and again in their motion for judgment notwithstanding the verdict, defendants contended that plaintiffs had failed to prove their case because of a lack of proof that the defendants Sibley and Smith directed, authorized, participated in or ratified the acts of their agents, servants or employees. Defendants' theory is based on several cases following *City Delivery Co. v. Henry*, 139 Ala. 161, 34 So. 389, holding that there could be no recovery in an action in trespass against the master for the intentional tort of his servant without proof that the master directed, authorized, participated in or ratified the act.

■ However, this court recognized in *Roberson v. Harris*, 45 Ala.App. 537, 233 So.2d 96, that Title 7, Section 217(1), Code of Alabama (1940) nullified *City Delivery v. Henry, Supra*. Section 217(1), as interpreted by *Aggregate Limestone Co. v. Robison*, 276 Ala. 338, 161 So.2d 820 removed the common law distinctions between trespass and case, both as to pleading and proof,

in cases involving the doctrine of respondeat superior, though retaining the right to plead the applicable statute of limitations. Under Section 217(1) it is permissible in any case to aver that defendant committed an act and at trial prove that the act was committed by or through an agent, servant or employee acting within the line and scope of his employment. *Aggregate Limestone Co. v. Robison, Supra* clearly construed Section 217(1) to overrule the substantive law that in order to establish liability of the master for the trespass of his servant, the master must be shown to have actually participated in, authorized or ratified such trespass. Such construction is evident from the following statement:

"The plain meaning of this is that where proof that an agent committed an intentional, wanton, or negligent act while in the line and scope of his employment, liability for such act would be imputed to the principal, regardless of the actual participation of the principal in the intentional, wanton or negligent act or omission under the doctrine of respondeat superior. This act, of course, sets up a new statutory form of action."

■ In the instant case the complaint sought damages from the defendants for trespass to land. The proof offered was that the act was committed by a servant or employee of the defendants while acting within the line and scope of employment. Such pleading and proof is permissible under Section 217(1).

■ Further, the Alabama Rules of Civil Procedure abolish the forms of action and the procedural distinctions between them. Rule 2, Alabama Rules of Civil Procedure. The rules only require that a claimant set out a "short and plain statement of the claim that will give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests . . ." Rule 8, ARCP; *Lowes of Muscle Shoals, Inc. v. Dillard*, 53 Ala.App. 669, 304 So.2d 12. Count One gave the defendants ample notice that the plaintiffs were suing for damage to their land caused by the cutting of trees therefrom. Under the rule plaintiffs were entitled to any relief shown by the evidence, regardless of the technical form of action set out in their complaint. Lyons, *Proposed Rules of Practice*, 33 Alabama Lawyer, page 285; Vol. 2, *Moore's Federal Practice*, Section 2.06, pp. 355–56.

Defendants contend there was insufficient evidence to support the verdict that Stone was their agent, servant or employee while cutting the trees. They maintain that their relationship with Stone was that of an independent contractor.

■■ As previously stated the jury had before it the testimony of Hays that Sibley admitted Smith was his woods foreman. Hays further testified that Smith said Stone cut for "me and Mr. Sibley." Smith later testified that part of his job with Hallmark was to assist Sibley. This testimony, together with the reasonable inferences that could be drawn from the evidence that trees were being cut from Sibley's land, that Smith located the lines, pointed them out to the cutter and took affirmative action to complete the cutting was sufficient to support a find that Smith was the agent or employee of Sibley and that Stone was the servant or employee of Smith. Under the doctrine of respondeat superior both Sibley and Smith could be determined responsible for the actions of Stone. *Harris v. Bell*, 234 Ala. 679, 176 So. 469.

■ Defendants further maintain that if Stone was their servant or employee, he was not within the line and scope of his employment when he cut the trees. However, as a servant or employee, Stone was authorized to cut trees on Sibley's land. When Stone was engaged to cut the trees the risk that he would stray onto adjoining land was present, so that such a diversion was incident to the authorized cutting. Where the evidence, either directly or by reasonable inference, tends to show that the

wrong is committed by the servant while he is undertaking to execute the duties assigned to him the servant is acting within the line and scope of his employment. *Solmica of Gulf Coast, Inc. v. Braggs*, 285 Ala. 396, 232 So.2d 638. If the evidence tends to establish that the act was incident to carrying out the duties assigned to him by his master, the master may be held responsible even though he did not authorize the agent to resort to such means in rendering the services for which he was employed. *United States Steel Co. v. Butler*, 260 Ala. 190, 69 So.2d 685.

■ Defendants argue that there was insufficient evidence to support the court's charge on punitive damages. Plaintiff responds that there is no showing that the punitive damages charge influenced the jury, attributing the verdict to compensatory damages. However, error in an instruction is ground for a reversal, unless it affirmatively appears that it was not prejudicial. *Peck v. Henderson*, 218 Ala. 233, 118 So. 262, and cases collected at *2A Ala. Dig.*, Appeal & Error, § 1031(6).

■ "It is only where a trespass is attended by rudeness, wantoness, recklessness or an insulting manner, or is accompanied by circumstances of fraud and malice, oppression, aggravation or gross negligence that a jury is warranted in awarding punitive changes." *Rushing v. Hooper-McDonald, Inc.*, 293 Ala. 56, 300 So.2d 94 (1974); *Ramos v. Fell*, 272 Ala. 53, 128 So.2d 481 (1961).

■ There was evidence that the area to be cut was clearly marked by the surveyor and that the cutter was shown the marked area. Such evidence and the inferences to be reasonably drawn furnish more than a scintilla that the cutting of trees outside the marked area was intentional and deliberate or was done with gross negligence.

We consider the charge of the court on punitive damages proper under the evidence.

Finding no error in the record, judgment is affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.