324 So.2d 291

**In re John D. SIBLEY and Charles J. Smith**

**v.**

**Willard E. ADAMS, Sr., and Brenda H. Adams.**

**Ex parte John D. Sibley and Charles J. Smith.**

**SC 1516.**

Supreme Court of Alabama.

Nov. 20, 1975.

Wade H. Morton and Bryant A. Whitmire, Birmingham, for petitioner.

BLOODWORTH, Justice.

Petition of John D. Sibley and Charles J. Smith for writ of certiorari to the Court of Civil Appeals to review and revise judgment and decision of that Court in *Sibley, etc. v. Adams et al.*, 56 Ala.App. 572, 324 So.2d 287. The petition for certiorari is sought on a "conflict" basis and that "a material question requiring decision is one of first impression in Alabama." Rule 39. Writ is denied.

Petitioners contend that the decision of the Court of Civil Appeals, which affirmed a judgment in trespass against the master where the proof fails to show that the master participated in, authorized, directed, or ratified, the trespass, is in conflict with our decisions—principally *Osborn Contracting Company v. Alabama Gas Corporation*, 273 Ala. 6, 135 So.2d 166 (1961). It is charged that the latter decision "has not been overruled or modified." *Osborn* followed this Court's decision in *City Delivery Co. v. Henry*, 139 Ala. 161, 34 So. 389 (1903). Since doubts appear to linger as to the viability of *City Delivery Co. v. Henry*, supra, and its progeny, we have undertaken to write this short opinion to indicate our agreement with the Court of Civil Appeals' opinion.

In 1964, Mr. Justice Simpson authored for the Court the opinion in *Aggregate Limestone Co. et al. v. Robison*, 276 Ala. 338, 161 So.2d 820 (1964), which held Act 624, [Tit. 7, § 217(1)] to be constitutional.

The opinion added that "It may be well to advert to § 176(1) et seq., Tit. 7, Code of Ala. as amended (§§ 1 to 6, inclusive, Act No. 544, Gen.Acts 1957)." Justice Simpson refers the reader to *Atlantic Coast Line R. Co. v. Kines*, 276 Ala. 253, 160 So.2d 869 for a discussion of that statute. Then he adds:

"We think the excrescences with reference to the common law action discussed in *City Delivery Co. v. Henry*, 139 Ala. 161, 34 So. 389, and later cases, should have been long ago removed and that they have been by said § 217(1)."

In 1970, the Court of Civil Appeals, in *Roberson v. Harris*, 45 Ala.App. 537, 233 So.2d 96 (per Wright, J.) restated the holding that § 217(1), Tit. 7, was valid, following *Aggregate Limestone Co. v. Robison*, supra.

Moreover, since the advent of A.R.C.P. we have added reason to support these conclusions. See Rules 1, 2, 8, 18, 20, Appendix II, A.R.C.P.

Writ denied.

HEFLIN, C. J., and FAULKNER, ALMON and EMBRY, JJ., concur.