406 So.2d 913 (1981)
ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY
v.
Carl S. SMITH, Jr.
Civ. 2482.
Court of Civil Appeals of Alabama.
July 1, 1981.
Rehearing Denied July 29, 1981.
*914 Donald N. Spurrier of Williams, Spurrier & Rice, Huntsville, for appellant.
Jimmy E. Alexander of Steele, Alexander, Corder & Plunk, Athens, for appellee.
HOLMES, Judge.
This is an insurance case.
Carl Smith, Jr., sued Alabama Farm Bureau, claiming rights under a homeowner's insurance policy. Smith's complaint contained four counts and sought damages from Farm Bureau under theories of breach of contract and negligence. In addition to other damages, Smith sought recovery of the insurance proceeds. Marshia Hewitt also sued Farm Bureau, claiming the insurance proceeds. Farm Bureau filed an interpleader and paid the policy proceeds into court. The trial court distributed the proceeds between Smith and Hewitt. Smith then amended one count of his complaint to state a new contract theory of recovery and to claim damages for mental anguish and injury to credit. The other counts in Smith's complaint were stricken or dismissed and only the amended count was submitted to the jury. The verdict and resulting judgment was in favor of Smith and against Farm Bureau. An award of $10,000 was made.
Farm Bureau appeals and we reverse and remand.
Farm Bureau on appeal alleges numerous errors. This court will detail the pertinent facts as they relate to the issues.

I
Farm Bureau through counsel contends that it exonerated itself from further liability to Smith by filing the interpleader and by paying the insurance proceeds into court. In other words, Farm Bureau argues that it was entitled to be discharged from further liability to Smith and that the trial court erred by allowing the litigation against it to continue.
We do not agree.
The record shows that both Smith and Hewitt claimed the insurance proceeds. Interpleader *915 appears to have been the most expeditious method of settling those conflicting claims. However, the record also shows that at the time the interpleader was filed and at the time the interpleaded funds were distributed to Smith and Hewitt, Smith's complaint contained four counts. Two of those counts sought recovery of the insurance proceeds. The other two counts alleged that Farm Bureau negligently and wantonly injured Smith by failing to name him as an insured on the homeowner's policy. These two counts sought damages in amounts greater than the amount of the insurance proceeds.
Under rule 22(b), ARCP, if a party seeking interpleader has no interest in the outcome of the contest of the claimants, does not deny liability in whole or in part to any of the claimants, or a claim of independent liability is not presented, the party may be discharged from liability. However, if the pleadings create a genuine issue of fact as to independent liability to a claimant other than upon title to the fund, the stakeholder should be kept in the action for determination of the issue of independent liability. Dick v. First National Bank of Birmingham, Ala.Civ.App., 334 So.2d 922 (1976). See rule 22(b) ARCP.
In the instant case, as indicated above, Smith's complaint contained four counts. Two of those counts alleged that Farm Bureau tortiously injured Smith and sought damages that exceeded the amount of the insurance proceeds. We find that Smith's complaint presented a claim of independent liability that was not and could not be resolved by the interpleader and that the trial court did not err in keeping Farm Bureau in the action to determine whether Farm Bureau was liable to Smith for more than just the insurance proceeds.

II
Farm Bureau next contends that damages for mental anguish may not be recovered in an action for breach of an insurance contract and that the trial court erred in instructing the jury that such damages were recoverable, if proven, in the instant case.
The facts pertinent to this issue are as follows:
Smith and Hewitt, who were husband and wife, owned a home which was insured by Farm Bureau for $50,000. The home was mortgaged to First Federal Savings and Loan Association of Lewisburg, Tennessee. First Federal was named as a loss payee on the Farm Bureau policy.
Smith and Hewitt were subsequently divorced. The divorce court ordered a public sale of the home and a division of the net process between Smith and Hewitt.
On August 31, 1979, just prior to the date set for the sale, the home was totally destroyed by fire. Smith claimed coverage under the Farm Bureau policy. On January 17, 1980, while this case was pending in the trial court, Farm Bureau paid First Federal $31,254.31, a sum representing the unpaid balance of the mortgage on the home. Later, Farm Bureau paid the balance of the insurance proceeds, $18,745.69, into court. As stated above, the trial court ordered the fund distributed between Smith and Hewitt.
Following the distribution of the interpleaded funds, Smith amended the first count of his complaint to allege that Farm Bureau breached the insurance contract by refusing to pay Smith's indebtedness to First Federal within a reasonable time after the fire. Under this amended count, Smith claimed damages for mental anguish and injury to credit.
The case went to trial. As indicated above, three of the four counts in Smith's complaint were eliminated leaving only the amended count for the jury's consideration. The trial court instructed the jury on the issue of damages for mental anguish and, over the proper objection of Farm Bureau, submitted that issue to the jury.
Farm Bureau contends this was error. We agree.
In Alabama the general rule is that mental anguish is not a recoverable element of damages arising from a breach *916 of contract. B & M Homes, Inc. v. Hogan, Ala., 376 So.2d 667 (1979); Sanford v. Western Life Insurance Co., Ala., 368 So.2d 260 (1979). Smith, however, contends that the facts of this case fall within the exception to the general rule set forth in B & M Homes, Inc. v. Hogan, supra. We note the contract in this case and the contract in B & M Homes both involved a home owned by the plaintiff. However, the contract in B & M Homes was for the construction of a home, while the contract in the instant case was one of insurance. It is settled that the law of this state does not permit recovery for personal injury, inconvenience, annoyance or mental anguish and suffering in an action for breach of a contract of insurance. Vincent v. Blue Cross-Blue Shield of Alabama, Ala., 373 So.2d 1054 (1979); Sanford v. Western Life Insurance Co., supra; Stead v. Blue Cross-Blue Shield of Alabama, Ala., 346 So.2d 1140 (1977). For this reason we find that the trial court erred in instructing the jury on the issue of damages for mental anguish.
Error in a jury instruction is ground for reversal unless it affirmatively appears that it was not prejudicial. St. Paul Fire & Marine Insurance Co. v. Anderson, Ala.Civ.App., 358 So.2d 151 (1977), reversed, 358 So.2d 164 (1978), Ala., on remand, 358 So.2d 167, Ala.Civ.App. (1978); Sibley v. Adams, 56 Ala.App. 572, 324 So.2d 287, writ denied, 295 Ala. 121, 324 So.2d 291 (1975). Our review of the record discloses that the trial court instructed the jury on three elements of damages; namely, damages for mental anguish, damages for injury to credit; and damages to compensate Smith for payment of additional interest charged on the First Federal mortgage. The jury returned a general verdict and the basis of its award cannot be determined from the record. For this reason we cannot say that the erroneous instruction was harmless. Therefore, the case must be reversed.
The above being dispositive, discussion of the other issues presented by Farm Bureau is pretermitted. We do note in passing that we are aware of our supreme court's decision in Chavers v. National Security Fire & Casualty Co., 1 So.2d 405 (Ala.1981). However, the instant case was not tried under the theory announced in that decision. In fact, the case was tried approximately one year prior to the Chavers decision. This court will review a case only on the theory under which it was tried and judgment rendered. Sutton's Music Co. v. Top Music Co., Ala.Civ.App., 377 So.2d 1092 (1979).
This case is due to be reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.