This is an appeal from a judgment for the defendants, Johnson-Rast and Hays, and Lewis "Hap" Gwaltney, in a case involving the construction and sale of a new house. The trial court, at the conclusion of *Page 581 
the plaintiffs' case, directed a verdict in favor of Johnson-Rast and Hays and Gwaltney. On appeal, the plaintiffs, W. Brent Chamlee and Patricia Chamlee, raise issues concerning the propriety of the directed verdict and the exclusion of certain deposition testimony. We affirm.
In December 1986, the Chamlees contacted Diane Smith, an agent for Johnson-Rast and Hays, about a house they had noticed in a new subdivision. A sign in the yard indicated that Johnson-Rast and Hays was the listing agent for that house, which was located in the Cedar Cove subdivision.
After the Chamlees had looked at several houses without finding one that met their needs, Diane Smith suggested that she could arrange for a house to be built for the Chamlees in the Cedar Cove subdivision. Diane Smith stated that Franklin Properties, Inc., a corporation she had organized with her husband, Frank Smith, could build a house according to their specifications and needs.
The Chamlees presented Diane Smith with some construction plans. On March 7, 1987, the Chamlees and Franklin Properties entered into a contract. Franklin Properties agreed to construct a house for the Chamlees in conformity with plans and specifications made a part of the contract and to sell that house to the Chamlees.
The Chamlees, Frank Smith, Diane Smith, and an attorney were present at the closing on July 15, 1987. Frank Smith executed lien waivers stating that all bills for labor and materials had been paid. The Chamlees were provided with a builder's warranty by Franklin Properties, and Franklin Properties was presented with a mortgagee's title policy.
After the closing, the Chamlees began to notice several material defects with the construction of the house. The Chamlees were then contacted by several subcontractors in connection with their unpaid bills.
On November 25, 1987, the Chamlees sued Franklin Properties, Frank Smith, Diane Smith, and some fictitious defendants, alleging poor workmanship, breach of warranty, failure to pay the subcontractors, and breach of contract. On March 16, 1988, the Chamlees amended their complaint and substituted Johnson-Rast and Hays and Gwaltney for the fictitious defendants, alleging against them poor workmanship and failure to pay the subcontractors. The particular theories against Johnson-Rast and Hays and Gwaltney were premised upon the doctrine of respondeat superior. Gwaltney was made a defendant because he was the qualifying broker at the Johnson-Rast and Hays branch office where Diane Smith worked.
The case was tried before a jury. The court entered a default judgment against Franklin Properties, Frank Smith, and Diane Smith in the amount of $140,723.77 when Frank and Diane Smith failed to appear at the trial.[1] At the conclusion of the plaintiffs' case, the trial court granted Johnson-Rast and Hays and Gwaltney's motion for directed verdict.
 I.
The Chamlees' first argument is that the trial court erred in directing the verdict for Johnson-Rast and Hays and Gwaltney. The Chamlees contend that they presented substantial evidence that these defendants were liable under the theory of respondeat superior for the faulty construction of their house and for the alleged fraudulent misrepresentation regarding the unpaid subcontractor liens.
The Chamlees filed their action after June 11, 1987; therefore, the applicable standard of review is the "substantial evidence rule." Ala. Code 1975, § 12-21-12. Under that standard, a verdict is properly directed for the defendant if the plaintiff has failed to present substantial evidence as to each element of the cause of action. Substantial evidence is "evidence of such quality and weight that reasonable and *Page 582 
fairminded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven." § 12-21-12. See Watters v. LawrenceCounty, 551 So.2d 1011 (Ala. 1989).
The Chamlees argue that Johnson-Rast and Hays and Gwaltney participated in the construction of the house through the acts of their agent, Diane Smith. Johnson-Rast and Hays and Gwaltney argue that the Chamlees failed to offer any evidence that Johnson-Rast and Hays and Gwaltney, through the actions of Diane Smith, were responsible for the defects in the construction of their house. Johnson-Rast and Hays and Gwaltney argue that they did not participate in the construction of the house, did not warrant any work, and did not hire any of the subcontractors.
The Chamlees also contend that they presented substantial evidence that these defendants were liable under the theory of respondeat superior for the alleged fraudulent misrepresentation regarding the unpaid subcontractor liens. In particular, the Chamlees claim that at the closing Diane Smith allowed her husband to execute the lien waiver affidavits knowing that approximately $18,000 in subcontractors' bills remained unpaid and that she failed to disclose to them the existence of the unpaid bills.
After closing, the Chamlees began to receive telephone calls from various subcontractors regarding their unpaid bills. The Chamlees were eventually sued by the subcontractors, Stephens Wholesale Supply Company and Closet Shelving Company, to perfect mechanics' liens. The Chamlees were named as defendants, along with Franklin Properties and others. After being served, Mr. Chamlee retained an attorney to represent him and his wife.
However, the evidence reveals that Mr. Chamlee was not aware that there was a mortgagee's policy or apparently thought that the policy did not cover the liens. In any event, the lien suits were dismissed with prejudice and the Chamlees were not required to pay any money to satisfy the liens.
To recover against a defendant under the theory of respondeat superior, it is necessary for the plaintiff to establish the status of employer and employee — master and servant — and to establish that the act was done within the scope of the employee's employment. Solmica of the Gulf Coast, Inc. v.Braggs, 285 Ala. 396, 232 So.2d 638 (1970). Thus, the determinative question becomes whether the act committed by the employee was done while acting within the line and scope of his employment. A determination that an employee was not acting within the scope of his employment would bar any recovery under the doctrine of respondeat superior.
It is a general rule that where an employee abandons his employer's business for personal reasons the employment is suspended and the employer is not liable for the negligence of the employee during the suspended employment and during the time of the employee's departure from the employer's business.Land v. Shaffer Trucking, Inc., 290 Ala. 243, 275 So.2d 671
(1973); Engel v. Davis, 256 Ala. 661, 57 So.2d 76 (1952). Moreover, it has been stated that the conduct of the employee, "to come within the rule [of respondeat superior], must not be impelled by motives that are wholly personal, or to gratify his own feelings or resentment, but should be in promotion of the business of his employment." Rochester-Hall Drug Co. v. Bowden,218 Ala. 242, 243, 118 So. 674, 674 (1928).
Johnson-Rast and Hays and Gwaltney agree that Diane Smith was an agent for Johnson-Rast and Hays, but argue that this fact does not create a cause of action against them for the construction defects or unpaid subcontractor liens. They argue that Diane Smith was a 50% stockholder in Franklin Properties and they point to a provision in the contract between Franklin Properties and the Chamlees:
 "Purchaser [the Chamlees] understands that Diane Smith is a licensed real estate agent in the State of Alabama, an officer in the selling corporation and is acting as a principal for her own account." *Page 583 
The Chamlees' theories of liability are all premised on the proposition that Johnson-Rast and Hays and Gwaltney should be liable to them for the acts committed in the line and scope of the employment of their agent and employee, Diane Smith. However, the contract executed by the Chamlees clearly provided that Diane Smith was "acting as a principal for her own account."
Whether an employee was acting within the scope of his employment is generally an issue to be determined by the jury. However, where the facts are undisputed, and if a departure from the employer's business is shown to have been of a marked and decided character, as in this case, the question may be within the province of the court. Whitherspoon v. GoldomeCredit Corp., 544 So.2d 946 (Ala. 1989); 53 Am.Jur.2d, Masterand Servant § 460 (1970). Under the facts of this case, it was undisputed that Diane Smith was acting as a principal for her own account, in accordance with the provision of the sales contract. Therefore, the trial court properly directed a verdict in favor of Johnson-Rast and Hays and Gwaltney.
 II.
The Chamlees also argue that the trial court erroneously excluded the deposition testimony of defendant Diane Smith, who failed to appear at trial. The Chamlees contend that the deposition of Diane Smith should have been read to the jury as an admission against interest because she admitted in her deposition that she knew at the time of closing that the subcontractors were unpaid.
The deposition of Diane Smith was taken on March 10, 1988, and on March 14, 1988. Johnson-Rast and Hays and Gwaltney were substituted for previously named fictitious defendants on March 16, 1988, after the taking of Diane Smith's deposition.
Rule 32, A.R.Civ.P., sets forth the procedure for use of depositions at trial. Rule 32(a) provides, in part:
 "Use of depositions. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof. . . ."
Rule 32(a) clearly requires that for a deposition to be used at trial against a party, that party must have been: (1) present at the taking of the deposition; or (2) represented at the taking of the deposition; or (3) given reasonable notice of the deposition. Johnson-Rast and Hays and Gwaltney were not notified of the deposition, were not parties to the lawsuit at the time the deposition was taken, and were not otherwise represented at the deposition. Therefore, in accordance with Rule 32(a), A.R.Civ.P., the trial court properly refused to allow the introduction of the deposition of Diane Smith.
AFFIRMED.
MADDOX, JONES, ALMON, HOUSTON and STEAGALL, JJ., concur.
HORNSBY, C.J., dissents.
[1] Frank Smith, Diane Smith, and Franklin Properties were represented by counsel after being served with the complaint. However, their counsel withdrew because of their failure to pay their litigation costs. Frank Smith, Diane Smith, and Franklin Properties did not obtain new counsel.