**Dennis E. PRITCHETT and Myrna H. Pritchett, Plaintiffs,**

**v.**

**Junior Floyd MILSTID, Milstid Construction Company, and Michael Holtzclaw, Defendants.**

Civ. A. No. 94–0346–P–C.

United States District Court,
S.D. Alabama,
Southern Division.

May 8, 1995.

Floyd C. Enfinger, Jr., Montrose, AL, for Dennis E. Prichett and Myrna H. Prichett.

Junior Floyd Milstid, Bay Minette, AL, pro se.

Milstid Const., Bay Minette, AL, pro se.

William R. Sawyer, U.S. Atty's Office, Mobile, AL, for Michael Holtzclaw.

## ORDER ADOPTING AND MODIFYING THE MJ'S RECOMMENDATION

PITTMAN, Senior District Judge.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated March 1, 1995, is ADOPTED as the opinion of this court with the following modification:

Page 15, line 17: The word "dismissed" is changed to "dismissed without prejudice."

## REPORT AND RECOMMENDATION

CASSADY, United States Magistrate Judge.

Pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 26 and the Court's standing order of general reference, the following motions have been referred to the undersigned for a report and recommendation:

1. Motion to Dismiss pursuant to Rule 12(b)(1), or in the alternative for summary judgment, filed by defendant United States of America (Michael Holtzclaw) (doc. 6).

2. Motion for Summary Judgment and Protective Order pursuant to Rules 56 and 26(c) filed by defendants United States of America and Michael Holtzclaw (doc. 13).

### FACTS

1. The plaintiffs Dennis E. Pritchett and Myrna H. Pritchett are residents of Alabama.

2. The defendant Michael B. Holtzclaw is a resident of Alabama and is employed as a County Supervisor for the Farmers Home Administration, United States Department of Agriculture (complaint, paragraphs 4 and 7).

3. The Farmers Home Administration is a government agency which was created to lend money for rural housing (42 U.S.C. § 1471; Holtzclaw affidavit, paragraph 6).

4. The plaintiffs discussed with Defendant Holtzclaw the financing of a home for themselves (complaint, paragraph 13).

5. The plaintiffs' contractor had made a bid of $39,800. The appraisal of the home gave a recommended market value of $37,500. Michael Holtzclaw advised the plaintiffs that they would have to pay the $2,300.00 difference at the closing of the loan (Holtzclaw affidavit, paragraph 9, and attached letter).

6. Defendant Holtzclaw recommended to the plaintiffs that they contact Junior Floyd Milstid and Milstid Construction Company about the construction of a home for the appraised value (complaint, paragraph 10; Holtzclaw affidavit, paragraph 10).

7. The plaintiffs entered into an agreement with Junior Floyd Milstid and Milstid Construction Company for the construction of a home (complaint, paragraph 13).

8. The plaintiffs built and financed the construction of a home by way of a Farmers Home Administration mortgage (complaint, paragraph 13).

9. Junior Floyd Milstid and Milstid Construction Company constructed a home upon the plaintiffs' property in Baldwin County (complaint, paragraph 14).

10. This case was brought by the plaintiffs in the Circuit Court for Baldwin County, Alabama, against Michael Holtzclaw for negligence and fraud and against Junior Floyd Milstid and Milstid Construction Company for negligence, fraud, and breach of contract in connection with the construction of the home.

11. On April 28, 1994, defendant Michael Holtzclaw removed this case to this court pursuant to 28 U.S.C. § 1442.

12. On June 21, 1994, the U.S. Attorney filed with the court a certification that the defendant Michael Holtzclaw was acting within the scope of his employment at the time of the incident out of which the plaintiffs' claim arose (doc. 7).

## DISCUSSION

I. *Defendant's Motion to Dismiss (doc. 6) and Motion for Summary Judgment and Protective Order (doc. 13)*

The defendant Michael Holtzclaw has filed a motion to be dismissed as a party pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction (doc. 6). Defendant Holtzclaw argues that the claims against him are barred by the doctrine of Sovereign Immunity, as the U.S. Attorney has filed a certification that Michael Holtzclaw was acting within the scope of his employment at the time of the incident out of which the plaintiffs' claims arose. The plaintiffs have challenged the U.S. Attorney's certification.

Defendant Holtzclaw has also filed a motion for summary judgment on the question of whether or not Holtzclaw was acting within the scope of his employment at the time of the incident out of which the plaintiffs' complaint arose (doc. 13), with a motion for a protective order (doc. 13) to protect the federal defendants from further discovery.

For the reasons discussed below, the undersigned recommends that the United States be substituted for the defendant Holtzclaw; that the claims against the United States be dismissed for lack of subject matter jurisdiction; and that the remaining claims be remanded to the Circuit Court of Baldwin County, Alabama.

II. *The Reviewability of the Attorney General's Certification*

The United States may be substituted for a federal employee defendant where the Attorney General certifies that

the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose ...

28 U.S.C. § 2679(d)(1). The Attorney General has delegated the authority so make

such a certification to the U.S. Attorneys. 28 C.F.R. § 15.3(a). In the present case, the U.S. Attorney has certified that defendant Holtzclaw was acting within the scope of his employment at the time of the incident out of which the plaintiffs' claims arose (doc. 7).

The certification of the Attorney General exclusively establishes the scope of office or employment for purposes of removal under 28 U.S.C. § 2679(d)(2). However, the certification of scope of employment made by the U.S. Attorney and filed with this court does not conclusively determine whether the defendant was actually acting within the scope of his employment for purposes of substitution of the United States for defendant Holtzclaw.

The Eleventh Circuit Court of Appeals has held that the Attorney General's certification of scope of employment is dispositive only for removal purposes. *S.J. & W. Ranch Inc. v. Lehtinen,* 913 F.2d 1538, 1542 (11th Cir.1990), *amended, S.J. & W. Ranch v. Lehtinen,* 924 F.2d 1555 (11th Cir. 1991), *cert. denied, Lehtinen v. S.J. & W. Ranch,* 502 U.S. 813, 112 S.Ct. 62, 116 L.Ed.2d 37 (1991). In *Lehtinen,* the Court of Appeals reversed the district court, which had held that no judicial review was available of the Attorney General's certification decision that the United States should be substituted for the federal employee defendant. The Court held that the Attorney General's certification decision was reviewable for purposes of substitution, stating that "once in federal court a plaintiff is entitled to litigate the question of whether the employee was acting within the scope of his employment when the challenged conduct occurred." *Lehtinen* at 1542. Only if, after independent review, the district court agrees with the Attorney General that the defendant employee was acting within the scope of his employment, should the United States be substituted as a party. *See Lehtinen* at 1544.

The court is entitled to treat the Attorney General's certification as prima facie evidence that the employee's conduct occurred within the scope of employment.

Therefore, it is the plaintiff challenging certification who bears the burden of proving that the employee's alleged actions fall outside the scope of employment, because it is the plaintiff who seeks "alteration of the status quo." *See Lehtinen* at 1543. However, when the plaintiff challenges the certification decision, the district court must review *de novo* whether the employee's conduct was within the scope of employment. *See Lehtinen* at 1543.

The Eleventh Circuit Court of Appeals remanded the *Lehtinen* case to the district court for an evidentiary hearing on whether the defendant's actions were within the scope of his employment. The Eleventh Circuit has not suggested, however, that an evidentiary hearing is required or that discovery must be permitted every time the Attorney General's certification is challenged. Where there are no disputes of fact which would affect the outcome under the applicable substantive law, the district court should be able to substitute the United States as a defendant in place of an employee defendant without further fact-finding. *Cf. Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir.1981) *cert. denied, Williamson v. Tucker,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981) (holding, *inter alia,* that a district court may dismiss for lack of subject matter jurisdiction based upon the complaint supplemented by undisputed facts evidenced in the record, in which case the district court need not decide among conflicting factual positions).[1]

Decisions of other circuits suggest that judgment may be entered as a matter of law on the certification question, without discovery or an evidentiary hearing, when the plaintiff fails to allege any conduct by the employee defendant which could be considered beyond the scope of employment under applicable state law. *See Brown v. Armstrong,* 949 F.2d 1007 (8th Cir.1991) (affirming district court's substitution of United States for defendant employees of the Farmers Home Administration; substitution was based upon plaintiff's complaint, which pleaded conduct within the scope of the defendants' employ plus conclusory allegations of bad or personal motive insufficient to take

---

1. All decisions of the former Fifth Circuit decided before October 1, 1981, are binding precedent in this circuit. *Bonner v. Prichard,* 661 F.2d 1206 (11th Cir.1981).

that conduct outside the scope of employ under Iowa law); *see also Pelletier v. Federal Home Loan Bank,* 968 F.2d 865, 874, 876 (9th Cir.1992) (reversing the district court's refusal to substitute the United States for the defendant employee; the defendant employee was entitled to substitution where there were no factual disputes regarding the scope of the defendant employee's employment and where defendant employee's conduct was within the scope of his employment as a matter of California law).

Only the existence of a material factual dispute has been held to necessitate discovery or an evidentiary hearing. For example, in *Melo v. Hafer,* 13 F.3d 736 (3d Cir.1994), the Third Circuit held that reasonable discovery should be permitted if the Attorney General based certification "on a different understanding of the facts" than that reflected in the complaint. *Melo* at 747. After discovery, the plaintiff should be required to come forward with competent evidence supporting the facts upon which the plaintiff would predicate liability, as if responding to a motion for summary judgment. *Melo* at 747. In *Wood v. U.S.,* 995 F.2d 1122 (1st Cir.1993), the First Circuit discussed the problem which occurs when the person challenging certification alleges that the defendant employee committed a "job-related tort" while possessing an "off-duty" state of mind, thus potentially placing the conduct outside the scope of employment under traditional *respondeat superior* doctrine as an "intentional" or "deliberate" tort. *See Wood* at 1129. The *Wood* court suggested the use of an evidentiary hearing to resolve this question of fact. *See also Nasuti v. Scannell,* 906 F.2d 802 (1st Cir.1990). The courts in *Melo* and in *Wood* contemplated situations in which the plaintiff's alleged facts created a question as to whether the defendant employee was acting within the scope of employment. In contrast, the plaintiff in the present case has alleged no facts which create a question about whether defendant Holtzclaw acted beyond the scope of his employment under applicable state law.

### III. *The Applicable State Law*

■ The district court determines whether an employee's actions are within the scope of employment by looking to appropriate state law. *See Lehtinen* at 1542, 1543, *accord Nasuti v. Scannell,* 906 F.2d 802 (1st Cir. 1990). The incidents giving rise to the plaintiffs' claims against Holtzclaw occurred in Alabama. Therefore, this court will apply Alabama law in considering whether Holtzclaw's was acting within the scope of his employment.

■ The principals of *respondeat superior* control decisions regarding entitlement to substitution under 28 U.S.C. § 2679(d)(2). *See Pelletier v. Federal Home Loan Bank,* 968 F.2d 865, 876 (9th Cir.1992), *accord Wood v. U.S.,* 995 F.2d 1122 (1st Cir.1993). Therefore, the question of whether defendant Holtzclaw's conduct could have been within the scope of his employment for purposes of substitution may be answered by determining whether his conduct could be "within the scope of employment" under the doctrine of *respondeat superior* as it has developed in Alabama law.

### IV. *Respondeat Superior in Alabama*

In *AVCO Corp. v. Richardson,* 285 Ala. 538, 234 So.2d 556 (1970), Alabama Supreme Court stated the doctrine of *respondeat superior* in Alabama as follows:

> Responsibility of the master for acts of the servant does not arise simply from the circumstance that at the time of the injury the person inflicting it was in the employment of another. The act inflicting the injury must have been done in pursuance of authority either express or implied. It must be an act which is fairly incident to the employment, in other words, an act which the master has set in motion. The facts of each particular case must determine the question. *Alabama Fuel & Iron Co. v. Powaski,* 232 Ala. 66, 67, 166 So. 782 [ (1936) ]. The general rule of responsibility is that, if the act resulting in the injury complained of was within the scope of the servant's employment, the master will be liable therefor, although the act was in violation of the master's instructions as to the method of performing the work, or contrary to instructions, or expressly forbidden by him. *St. Louis–San Francisco*

*Ry. Co. v. Robbins,* 219 Ala. 627, 629, 123 So. 12, P [4] [ (1929) ].

285 Ala. at 541, 234 So.2d at 559. *See also Wood v. Holiday Inns, Inc.,* 508 F.2d 167, 174 (5th Cir.1975) (applying Alabama law) ("The law is clear that if an agent's act was incident to carrying out the duties assigned to him by his master, the master may be held liable, even though he did not authorize the agent's means, and also though the agent may have sought to accomplish the master's business in a manner contrary to the master's expressed instructions.")

■ Under Alabama law of *respondeat superior,* an employer faces liability for the act of an employee where the act complained of is one that can be said to further the employee's employment or the employer's business. *See Jessup v. Shaddix,* 275 Ala. 281, 154 So.2d 39, 42 (1963). *See also Sibley v. Adams,* 56 Ala.App. 572, 324 So.2d 287 (1975) *cert. denied, Sibley v. Adams,* 295 Ala. 121, 324 So.2d 291 (1975) (jury verdict upheld under *respondeat superior;* defendant employee's conduct was within the line and scope of his employment because when defendant employee was engaged to cut trees, the risk was present that he would stray onto plaintiffs' adjoining land, and therefore such a diversion was incident to the authorized cutting).

"[T]he conduct of the employee, 'to come within the rule [of respondeat superior], must not be impelled by motives that are wholly personal, or to gratify his own feelings or resentment, but should be in promotion of the business of his employment.'" *Chamlee v. Johnson–Rast and Hays,* 579 So.2d 580, 582 (Ala.1990) (*quoting Rochester–Hall Drug Co. v. Bowden,* 218 Ala. 242, 243, 118 So. 674, 674 (1928)). "In extending the liability [under respondeat superior] to a willful wrong, the motive behind the act does not defeat liability, unless it can be shown that the servant acted from wholly personal motives having no relation to the business of the master." *Plaisance v. Yelder,* 408 So.2d 136, 137 (Ala.Civ.App.1981) (citations omitted). *See also Hendley v. Springhill Memorial Hospital,* 575 So.2d 547 (Ala.1990).

"Where the servant abandons his or her master's business for personal reasons, the employment is suspended, and the master is not liable for the negligence of the servant during the suspended employment, and during the time of the servant's departure from the master's business." *Land v. Shaffer Trucking, Inc.,* 290 Ala. 243, 247, 275 So.2d 671, 674 (1973) (*quoting Engel v. Davis,* 256 Ala. 661, 57 So.2d 76 (1952)). "In cases where the deviation is slight and not unusual, the court may, and often will, as a matter of law, determine that the servant was still executing his master's business. So, too, where the deviation is very marked and unusual, the court in like manner may determine that the servant was not on the master's business at all, but on his own. Cases falling between these extremes will be regarded as involving merely a question of fact ..." *Land, supra,* 290 Ala. at 247, 275 So.2d at 674 (*quoting Engel* ).

Most Alabama cases which have held that an employee was not acting within the scope of his employment under the doctrine of *respondeat superior* have turned on the fact that the action complained of did not further the employer's business. *See Conner v. Magic City Trucking Service, Inc.,* 592 So.2d 1048 (Ala.1992) (directed verdict upheld in favor of employer on *respondeat superior* claim, where court found no substantial evidence that employee truck driver was furthering his employer's business, when, holding a snake, he chased the plaintiff until she collapsed). *See also Prosser v. Glass,* 481 So.2d 365 (Ala.1985) (trial court's grant of summary judgment in favor of employer under doctrine of *respondeat superior* affirmed; defendants' employee, who was hired to assist in the development of a swirlplate, was not acting within the scope of his employment at the time of the accident in question, where his repair of a truck belonging to a neighboring business would not have reasonably furthered his employer's business of development of the swirlplate).

■ An employer may also escape *respondeat superior* liability where the employee has made clear to the plaintiff that the conduct in question was undertaken on the employee's own behalf, and not as an employee of the employer. In *Chamlee v. Johnson–Rast and Hays, supra,* 579 So.2d 580 (Ala.

1990), the plaintiffs contacted a real estate agent because they sought to purchase a home. When the plaintiffs did not find a suitable home, the agent suggested that the plaintiffs employ a particular corporation, which was partly owned by the agent, to build a home. The plaintiffs entered an agreement with the corporation, and the home was built. The plaintiffs later sued the agent and the corporation for construction defects and unpaid subcontractor fees. The plaintiffs sought to impose liability under *respondeat superior* against the real estate agency which employed the agent, but the trial court directed a verdict in favor of the real estate agency. The Alabama Supreme Court affirmed the trial court's decision, noting in particular that the contract for construction of the home stated explicitly that the agent-employee was "acting as a principal for her own account." *Chamlee* at 582–583.

### V. *Application of Alabama's Doctrine of Respondeat Superior under these Facts*

■ The facts which are in dispute in this case are not material facts; that is, they are not facts which could affect the outcome of the suit under the governing substantive law. *See Beck v. Somerset Technologies*, 882 F.2d 993, 996 (5th Cir.1989). The parties dispute whether Holtzclaw made any representations as to the skill or reputation of Milstid, and the degree to which Holtzclaw encouraged the plaintiffs to employ Milstid in the construction of their home (doc. 14—defendant's memorandum of law, p. 10; Affidavit of Dennis Pritchett). However, it cannot be disputed that Holtzclaw furthered the business of the Farmers Home Administration by making the loan for the construction of the home. *See Quick v. Peoples Bank of Cullman County*, 993 F.2d 793 (11th Cir.1993) (trial court properly held that RICO liability could be imposed on employer-bank under the doctrine of *respondeat superior*, where employee's actions furthered the employer-bank's business, in that the presence of defrauded bank customers' additional debt benefitted the bank through additional earned interest; the bank accepted this benefit by asking the customers to sign a consolidation note). In

fact, it appears that Holtzclaw furthered the business of the Farmers Home Administration by recommending Milstid, since the plaintiffs do not dispute that the bid of $39,800 made by the plaintiffs' contractor, Benchmark, exceed the home's recommended market value by $2,300.00, and that Milstid agreed to build the home for the appraised value.

It also appears that counsel for Holtzclaw admitted during oral argument that if the statements contained in Pritchett's affidavit were true, then Holtzclaw's actions would have been outside of, and contrary to, the directions issued to Holtzclaw by his employer (doc. 26—plaintiffs' response to defendant's motion for protective order). As discussed above, even if Holtzclaw's actions were contrary to the instructions of his employer, *respondeat superior* still applies if he was furthering the business of his employer, or was not acting from wholly personal motives. Furthermore, even if Holtzclaw's actions could be considered to be deviations from the business of his employer, these deviations clearly would be "slight and not unusual." *Land v. Shaffer, supra*, 290 Ala. at 247, 275 So.2d at 674. It is therefore the determination of the undersigned that, as a matter of law, Holtzclaw was acting within the scope of his employment.

### VI. *Conclusion*

Since the complaint and the undisputed facts in the present case compel the conclusion that the defendant Holtzclaw was acting within the scope of his employment at the time of the incident out of which the plaintiffs' claim arose, it is the opinion of the undersigned that the United States should be substituted as a defendant in place of defendant Michael Holtzclaw, and that Michael Holtzclaw should be dismissed as a party under 28 U.S.C. § 2679.

■ The plaintiffs' claims against the United States, which are based on negligent or intentional misrepresentation, are barred by the doctrine of Sovereign Immunity. *See* 28 U.S.C. § 2680(h), *see also U.S. v. Neustadt*, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961), *and Schneider v. United States*,

936 F.2d 956 (7th Cir.1991), *cert. denied, Schneider v. United States,* 502 U.S. 1071, 112 S.Ct. 965, 117 L.Ed.2d 131 (1992) (action on negligent representation in HUD letter of acceptance barred by § 2680(h). Thus, it is recommended that the claims against the United States be dismissed for lack of subject matter jurisdiction.

Since the plaintiffs' only remaining claims are state law contract claims, there is no basis of federal jurisdiction and remand is appropriate. *See* 28 U.S.C. § 1367(c), *see also In re: Surinam Airways Holding Company,* 974 F.2d 1255, 1260 (11th Cir.1992). Therefore, it is recommended that this case be remanded to the Circuit Court for Baldwin County, Alabama for the determination of all remaining claims.

DONE this 1st day of March, 1995.