SCHEB, Acting Chief Judge.
Appellants contend the trial court erred in dismissing their second-amended complaint in an action for conversion. We agree and reverse.
Appellants alleged that appellee Intervest trespassed upon their land and removed large amounts of soil and fill material without appellants’ knowledge or consent. In-tervest allegedly placed the soil upon nearby parcels of land owned by appellee Real Estate Technology, Inc. (RET). Appellee Guardian Mortgage Investors (GMI) subsequently foreclosed on a mortgage from RET on these lands, and eventually sold the property to W.J.W. Appellants also alleged that GMI knew that the soil had been wrongfully taken from appellants’ lands and that it continued to be aware of that fact through the time it obtained fee ownership of the parcels. Moreover, appellants alleged that when W.J.W. acquired the property, it was also aware that appellants’ soil had been wrongfully taken and placed upon it. Thus, appellants maintain that GMI and W.J.W., by virtue of taking possession and control of appellants’ soil and fill material, converted the soil to their own use.
GMI and W.J.W. filed motions to dismiss. The trial court granted the motions, subsequently stating that the basis for its decision was the rule announced in Hatfield v. Spears, 380 So.2d 262 (Ala. 1980). There the Supreme Court of Alabama announced that conversion was not a proper remedy for a plaintiff to recover dirt which had been severed from his land and affixed to another’s land.
Appellants urge that soil which has been removed from a plaintiff’s property and is subsequently placed upon and becomes part of a defendant’s property can still be the subject of an action for conversion. They point out that conversion is the taking of personal property from the possession of another without legal justification and with the intention of exercising dominion over it. Wilson Cypress Co. v. Logan, 120 Fla. 124, 162 So. 489 (Fla. 1935). Appellants recognize that earth, sand, or gravel in its original bed is a part of the realty and, as such, cannot be the subject of an action for conversion. Nevertheless, they argue that in Florida where soil has been wrongfully severed and removed, the removed soil becomes personalty and an action for conversion will lie. Pettigrew v. W & H Development Co., 122 So.2d 813 (Fla. 2d DCA 1960).
Appellees concede that soil or other materials attached to the land could constitute personalty once severed from the land. They argue, however, that to be the subject of an action for conversion the severed soil must remain separate from the realty and identifiable. They maintain that once severed soil becomes incorporated into other realty, the soil is no longer personal property and cannot be the subject of an action for conversion. This was precisely the rule announced in Hatfield v. Spears, where the Alabama court stated:
Plaintiffs urge that conversion was a permissible cause of action because (1) dirt was severed from their property; (2) the dirt thus became personal property; and (3) Spears converted such personal property to his own use. We, however, agree with defendant’s argument that an action for conversion could not be maintained because the dirt was permanently affixed to realty and, thus, became incorporated into that realty. Alabama law is clear that trover will only lie for conversion of chattels and will not lie for the conversion of personal property which is, after the alleged conversion, incorporated into real property.
380 So.2d at 265.
The Hatfield rule differs from the Florida view. Hatfield would bar a cause of action for conversion once the soil has become affixed to realty. This court in Petti- *1032 grew did not make this distinction. Hatfield emphasized some of the practical problems of ascertaining damages and concluded that where the soil has not yet been joined to the new realty, it is identifiable and the measure of damages is ascertainable. However, the court reasoned that once the soil has become attached to the realty, it is no longer identifiable and the plaintiff must submit other proof of damages in order to recover. We agree that incorporation of the severed soil into the new real property may make the task of assessing damages difficult; yet, such difficulty should not deprive a plaintiff of an otherwise viable cause of action.
Appellees contend, alternatively, that appellants failed to allege that appellees participated in the actual removal of the soil. Since the trial court dismissed the complaint solely on the basis of Hatfield, we do not reach the appellees’ alternative argument as to the sufficiency of the complaint. However, our opinion is without prejudice to the court’s revisiting the motion to dismiss or. any other grounds alleged.
We adhere to Pettigrew[1] and hold that an action for conversion will lie for soil wrongfully severed from its original bed, removed and placed on other land. Accordingly, we reverse the trial court’s order, and remand for proceedings consistent with this opinion.
REVERSED.
CAMPBELL and SCHOONOVER, JJ., concur.

. The Florida view is supported by the decided weight of authority. See 89 C.J.S., Trover and Conversion, § 24 (1955), and Annot., 84 A.L. R.2d 790 (1962).