RYDER, Chief Judge.
Virgil and Betty Cottongim, plaintiffs below, appeal from a final summary judgment declaring that a certain spoil bank located on the Cottongims’ real property is the personal property of Avatar Properties, Inc. (Avatar). We reverse.
The facts are not in dispute. Beginning in 1962, Avatar developed a residential subdivision in Collier County known as Golden Gate Estates. As part of the development, Avatar dug canals and cast the dirt or “spoil” up onto their adjoining property, creating spoil banks. Subsequently, Avatar subdivided the property, selling lots to various buyers. Avatar conveyed the lot presently owned by appellants to the original grantee in 1970. The lot in question changed hands several times before being deeded to appellants in 1977. Appellants built a house on the lot and used a portion of the spoil bank as a foundation for the house pad and driveway. At all times, the spoil bank has remained where it was originally placed.
*1200 In 1981, appellants attempted to sell the spoil bank, dirt and have it hauled away. Avatar blocked the attempt and this litigation ensued. The trial court entered a final summary judgment in favor of Avatar, finding that when the spoil bank was severed from its original bed, it became personalty and, because there was no express agreement as to the disposition of the spoil bank or express language in appellants’ deed, it was not conveyed to appellants but remained the property of Avatar.
Appellee relies on Pettigrew v. W & H Development Co., 122 So.2d 813 (Fla. 2d DCA 1960) and Collins v. Intervest, Inc., 418 So.2d 1030 (Fla. 2d DCA 1982), for the proposition that when dirt is severed from its original bed and secured for use elsewhere, it becomes personalty. Although we have no argument with that general statement of the law, neither Pettigrew nor Collins applies in this situation. In both of those cases, we ruled that when a defendant wrongfully severed dirt from a plaintiffs land and placed the dirt on his own or another’s land, the dirt became personalty and the defendant was liable for conversion. As we stated in Pettigrew:
Although there is some authority to the contrary, the weight of authority seems to be that earth, sand, or gravel while remaining in its original bed, is a part of the realty and as such cannot be a subject of conversion; but where it has been severed from the soil, gathered up and secured for use elsewhere, or where it has been wrongfully severed and removed, it becomes personalty for the conversion of which an action of trover will lie. (citations omitted).
122 So.2d at 815.
In this case, however, Avatar severed the dirt, not wrongfully, from its natural bed and placed the dirt on its own land. The record contains no evidence that the dirt was ever intended to be used elsewhere. To the contrary, it remained where it was originally placed for approximately twenty years. There is no substantial, competent evidence in the record to support the trial court’s finding that the spoil bank was only temporarily situated on appellants’ property-
Accordingly, we hold that the spoil bank remained part of the realty and was conveyed to appellants in the deed to their lot. The lower court’s order is reversed and set aside and the trial judge is instructed to enter a final summary judgment in favor of appellants in accordance with this opinion.
DANAHY and CAMPBELL, JJ., concur.