LEHAN, Judge.
Defendant developer appeals from a partial summary judgment entered on the issue of liability in favor of plaintiff landowners in this suit for civil theft and trespass based upon defendant’s removal of spoil which had been dredged by the developer from a canal and placed on the land sixteen years earlier. Subsequent to the time the spoil was so placed the land was deeded by the defendant to plaintiffs’ predecessor in interest and then to plaintiffs. Neither deed referred to or reserved any interest in the spoil.
We affirm. See Cottongim v. Board of Collier County Commissioners, 463 So.2d 1199 (Fla. 2d DCA 1985).
Defendant, citing Cottongim, argues that an affidavit filed on its behalf created an issue of material fact as to whether the spoil had been intended to be used elsewhere and was, therefore, personalty. We disagree. The affidavit refers to an agreement between the developer and the county for the removal of spoil from the land. But this agreement was entered into after the spoil was placed on the land and after that land was conveyed to plaintiffs’ predecessor in title. Also, even if other statements in the affidavit concerning such intent could be construed as more than mere conclusions, the affiant was shown to have been employed by the developer after the placing of the spoil on the land and the conveyance to plaintiffs’ predecessor in interest; accordingly, the affidavit was not shown to contain competent evidence. See rule 1.510(e), Florida Rules of Civil Procedure.
Affirmed.
RYDER, A.C.J., and CAMPBELL, J., concur.